**Opinion delivered May 27, 1887.**

---

No. 5768.

THE TEXAS & PACIFIC RAILWAY COMPANY ET AL.
*v.* R. Y. MANGUM.

1. STATUTES CONSTRUED — VENUE. — Construing the fourth subdivision of article 1198, Revised Statutes, which authorizes suit to be brought in the county of the residence of either one of several who are defendants, *held,* that the defendant who resides in the county where the suit is brought must be either a necessary or proper party defendant; if he is neither a necessary or proper party, a plea to the jurisdiction filed by non-residents of the county joined with him in the action, should be sustained.

2. SAME.—When such a plea is interposed by one of several who are joined as defendants in a suit to recover damages for a tort, brought in a county where he does not reside, and there is evidence tending to establish the fact that the defendant who resides at the venue of the cause is not liable, it is error not to present in a charge to the jury the issue thus arising on the plea to the jurisdiction.

3. RAILWAY COMPANIES—NEGLIGENCE.—A railway company which leases ground near its road bed to be used by the lessee for hotel purposes, is under no implied obligation to keep in repair or well lighted, that portion of the passway beyond its platform, leading from its roadbed to the hotel, and which is situated on the rented premises. Nor does the fact that the ground on which the hotel is erected is owned by the company render it liable for injuries which resulted from the defective or dangerous construction of the approaches or entrances to the hotel.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

*Davis, Beall & Rogers,* for the railway company: On their proposition that if plaintiff sustained his injury by reason of the negligence of Ginocchio, or persons employed by him, in failing to place a proper and safe step connecting his platform with his hotel, the defendant railway company would not be liable for such injury, and the court erred in refusing to give the charge requested, cited Marshall v. Heard, 59 Texas, 266; Cunningham v. International Railroad Company, 51 Texas, 503; Thompson on Negligence, volume 1, page 317.

On their proposition that the lessee, and not the lessor, is liable for injuries resulting from any defects in the rented premises not existing at the time said premises were let, they cited Marshall v. Heard, 59 Texas, 266; Hale v. Dutant, 39 Texas, 669; Staple v. Spring, 10 Massachusetts, 72; Durant v. Palmer, 29 New Jersey Law, 544.

*W. H. Pope,* for appellant Ginocchio.

*Furman & Stedman* and *Hine & Hine,* for appellee.

STAYTON, ASSOCIATE JUSTICE. This action was brought by the appellee to recover from the railway company and its co-defendant Ginocchio on account of an injury alleged to have been received by him by reason of a defective door step, which was placed at the entrance of an eating house owned and kept by Ginocchio.

The house in which Ginocchio was keeping a hotel or restaurant was on ground leased to him by the railway company for the period of twenty years, with a view to have thereon a house erected for the accommodation of the traveling public. The house was erected by Ginocchio under plans furnished by the company, which are not claimed to have been in any way defective. The house belonged to Ginocchio, who erected it at his own expense. The lease contained provisions which gave the company the right to purchase the house and terminate the lease if Ginocchio failed to keep a first class establishment of the kind contemplated. The land leased was contiguous to the platform of the railway company, and only thirty-eight feet distant from its track.

In front of the house of Ginocchio was a small platform erected by him, which connected with the platform erected by the company. It becoming necessary to elevate the house built by Ginocchio, this was done, and to furnish a step from the platform erected by Ginocchio to the house, he caused a piece of timber, about ten by twelve inches thick, and extending in front of several doors, to be placed on the platform erected by himself. It is claimed that this was placed so far from the house as to leave a space between it and the house so wide that the plaintiff's foot, in leaving the house came between the step and the house, and that thus his leg was broken.

It is not averred that any part of the platform erected by the company was defective, nor that the platform erected by Ginocchio was defective otherwise than as the step may be considered a part of the platform, nor that the injury resulted from any other cause than the defective step, and the want of proper lights.

The petition contains many general averments of negligence on the part of the railway company, without specification of the facts which constitute such negligence, further than that the railway platform was not well lighted; but the inference is sought to be drawn from the terms of the lease that it was the duty of the company to cause the leased premises to be kept in safe condition.

The plaintiff had come to the company's depot, in the night, to take passage on the expected train, and while waiting entered the restaurant. It is further alleged that it was necessary for persons coming to take the train to use the platform erected by Ginocchio, as well as that erected by the company, but there is no evidence that this was so. It is alleged that, after the

lease was made, Ginocchio, in accordance with specifications furnished by the company, built a good and substantial house, in which he kept a first class hotel and restaurant, which was intended by the company, and was used by Ginocchio, "as an accommodation and convenience to the traveling public, and especially to the passengers of said company who were soon to take passage on or had just departed from the trains of said company, at said city of Fort Worth; that the traveling public, and particularly the passengers of said company, commonly and frequently resorted to said restaurant, eating house and hotel, at and before and subsequent to said December 5, 1883, which fact was well known to said Ginocchio, and to said company, its agents and servants; that the object and design of said railway company in leasing said land to said Ginocchio to have said building erected thereon as aforesaid, was to make the use of said building for the purposes mentioned a valuable auxiliary to its business as a common carrier of freights and passengers, and the purpose of said Ginocchio was his private gain; and by the use of said building for the purposes mentioned, the object of both parties has been effected."

Ginocchio was alleged to be a resident of Harrison county, Texas, and the railway company to have its road and an agency in Tarrant county.

Ginocchio filed a sworn plea in abatement, in which he set up the continuous residence of himself in Harrison county; and further that the railway company had no interest whatever in the business conducted by him on the ground which he had leased from it, but, "that he leased the ground upon which the building is erected, and was erected at the time plaintiff claims to have received his injuries, in which said building, said lunch stand, eating house and drinking saloon was then, and is now, kept, from the said railway company, for the purpose of carrying on said business for his own benefit and not for the benefit and profit of said railway company, and that said railway company has no interest in or concern in the same, except to collect the rent for said ground as aforesaid."

The plea was sufficient to raise the question whether the plaintiff sought improperly to join Ginocchio as a defendant in an action brought in a county other than that of his residence. This is not an action founded on some crime, offense or trespass committed by Ginocchio, which would authorize it to be brought in the county where the crime, offense or trespass was com-

mitted, under the eighth subdivision of article 1198, Revised Statutes.

The fourth subdivision of that article provides that: "When there are two or more defendants residing in different counties, suit may be brought in any county where any one of the defendants reside."

This, however, does not mean that an inhabitant of this State may be sued in a county other than his residence whenever a a plaintiff, without sufficient ground, may join with him as a defendant some person who may be a resident of the county in which the action is brought. It means simply that, if one who is a proper or necessary party defendant resides in the county in which the action is brought, that then other defendants may be joined with him who reside in other counties.

It is very generally held that a corporation is an inhabitant of the State under whose law it is incorporated, and that it has a residence wherever it conducts its ordinary business. (Railway Company v. Litson, 2 Howard, 497; Coural v. Insurance Co., 10 Howard's Prac., 403; Baldwin v. Railroad Co., 5 Iowa, 519; Richardson v. Railroad Co., 8 Iowa, 263; Pond v. Railroad Co., 17 Howard's Prac., 544; Belden v. Railroad Co., 15 Howard's Prac., 18; Glaise v. Railroad Co., 1 Strob., 72.) If, however, the statute which provides that "The public office of a railroad corporation shall be considered the domicile of such corporation" were held to fix the residence of such a corporation under the laws regulating venue, to which we have referred, then, as the plea does not negative the fact that the public office of the railway company was in Tarrant county, for the purposes of the plea, it would have to be presumed that this was the residence of the corporation.

Conceding, for the purposes of this case, that the residence of the railway company was in Tarrant county, then, if there was no common obligation resting on it and Ginocchio to keep in proper condition and well lighted the entrance into the restaurant, the latter should not have been made a party defendant to an action brought in a county other than that of his residence.

A charge was asked by Ginocchio which would have presented this question, but the court refused to give it, and this was error which will require a reversal of the judgment, unless the charge given by the court sufficiently presented the same question. There was some evidence tending to show that the improvements erected by Ginocchio extended a few inches fur-

ther towards the railway track than under lease they ought to, but it must be held that the railway company conceded that the lease covered all the ground which Ginocchio was permitted to build upon and exclusively occupy.

There is also some evidence tending to show that at times freight may have been temporarily placed on the platform erected by Ginocchio, but there is no evidence to show that the railway company controlled, or had the right to control, the place at which the injury occurred.

The only instruction bearing on the question of common liability, which the court gave, was as follows: "You are further instructed that, if you believe from the evidence, that the defendant Ginocchio erected said house under said lease, and that, at the time of the alleged injury, the same was being used as an eating house for the accommodation of the employes of the defendant railroad, or for persons traveling over this said road, that it then becomes the duty of the defendant, the Texas & Pacific Railway Company, to keep in safe condition all portions of their platform leading to or lying between their road and the leased premises, and to keep the same sufficiently lighted to enable persons to pass safely; and if you believe, from the (evidence) that the said Ginocchio or his agents or employes negligently or unskillfully placed said piece of timber on the platform used or controlled by the Texas & Pacific Railway Company, and that the said company permitted the said Ginocchio to so place the same on any part of the platform owned or controlled by said Texas & Pacific Railway Company, and that, by reason of said piece of timber being carelessly and unskillfully placed, the plaintiff, without any fault or carelessness on his part, was injured therefrom, you should find for the plaintiff against both said defendants."

This charge did not correctly present the question which defendant Ginocchio, under his plea, was entitled to have passed upon; and besides, was in some respects erroneous and misleading. It assumes, if the house of Ginocchio was used as an eating house by the traveling public and employes of the company, that it was its duty to keep in good repair and well lighted the passage way between its road and the leased premises, and so, notwithstanding a part of the way may have been under the exclusive control of Ginocchio under the lease.

The fact that Ginocchio leased the land from the railway company, and that the buildings erected by him on it were used

as an eating house, at which, on account of its nearness to the railway depot, travelers and employes frequently took their meals, did not impose upon the railway company any duty to keep in repair or well lighted the passage to the house any more than would such duty have been imposed had the house been erected on ground owned by Ginocchio.

Those who entered the eating house did so under the implied invitation given to them by its keeper and owner, and not upon any invitation extended to them by the railway company, and in such case the tenant, and not the landlord, must be liable for any injury resulting from defects in the rented premises. (Sherman and Redfield on Negligence, 503; Thompson on Negligence, 317; Marshall v. Heard, 59 Texas, 267). There was nothing in the contract to lease which could change this general rule. There is no evidence that any part of the platform which it was the duty of the railway to keep in repair was not in good condition, or that the injury resulted from any defect in a platform. Nor is it shown that the injury resulted from the want of any light which it was the duty of the company to keep.

The platform erected by Ginocchio, on which the step alleged to have been defective was placed, was in a restricted sense owned, as was the land on which it was placed, by the company, but this would not render the landlord liable for injuries resulting from defects in it or in the step placed on it by the lessee during the lease. The charge, however, informed the jury that the company would be liable if it permitted the lessee to negligently or unskillfully place the step on any part of the platform owned or controlled by it. There is no evidence that the company controlled or had the right to control the place where the step was, so long as the lease continued.

If the charge given by the court had correctly presented the question of joint liability, the failure to give the charge asked by the lessee would be unimportant, the jury having found such liability to exist; but this finding may have resulted from the erroneous and misleading charge given. The first part of the charge of the court, which had reference to the facts which would relieve the company from liability, was in the main correct, but it left the jury to determine what would be acts of negligence on the part of the company, and from subsequent parts of the charge, which we have considered, they would have been justified in finding that negligence on the part of the company existed when facts to justify such a conclusion did not exist.

The charges asked by the railway company would have presented the law applicable to the case made by the evidence clearly, and, while repetitions, contained in the several charges asked, may have rendered it improper to give them all, some of the distinct charges asked, should have been given.

For the errors noticed, the judgment of the district court will have to be reversed, and it becomes unnecessary to consider other assignments of error.

It is ordered that the judgment of the district court be reversed and the cause remanded.