## WICHITA FALLS TRACTION CO. v. ADAMS.

(Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1912. Rehearing Denied March 8, 1912.)

1. LANDLORD AND TENANT (§ 167*)—LIABILITIES FOR INJURIES TO PERSONS ATTENDING.

A railroad company maintained an amusement pavilion, and granted, in writing, to a third person the exclusive privilege of selling enumerated commodities for a percentage of the gross receipts. The company sought to show that the third person, under a parol lease, leased exclusively the entire first floor of the pavilion, including concrete walks surrounding a room situated on the floor; but the evidence showed that neither the second story of the pavilion nor the boats of the company could, with any degree of convenience, be reached or used by it or its patrons without using at least a part of the concrete pavement surrounding and forming a part of the first floor. *Held*, that the company reserved rights in the first floor, and was liable to a patron for injury caused by defects therein.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent.Dig. §§ 668–679; Dec.Dig. § 167.*]

2. LANDLORD AND TENANT (§ 167*)—LIABILITY FOR INJURIES TO PERSONS ATTENDING.

A railroad company which leases a pavilion maintained by it for amusement purposes, and which gives the lessee the exclusive control and management thereof, is not liable for injuries to a patron on the premises; but where it reserves rights in the premises where an injury to a patron occurred, and while a patron of the company used the premises, it was liable, notwithstanding the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent.Dig. §§ 668–679; Dec.Dig. § 167.*]

3. TRIAL (§ 253*) — INSTRUCTIONS—IGNORING ISSUES.

Where, in an action against a railroad company for injuries to a patron on its amusement grounds, the evidence raised the issues whether a third person was in the exclusive control of the premises as lessee, so as to relieve the company from liability, and as to what territory was covered by the third person's lease, and whether the company had surrendered its right to the use and enjoyment of the portion of the premises where the injury occurred, a special charge, authorizing a verdict for the company if the third person was a lessee of the company, was properly refused, because ignoring issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL OF INSTRUCTIONS COVERED BY CHARGE GIVEN.

It is not error to refuse a request to charge sufficiently and correctly covered by a charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

5. LANDLORD AND TENANT (§ 167*)—LIABILITIES FOR INJURIES.

The mere fact that a lessee of the first floor of a pavilion, owned and maintained by a railroad company for purposes of amusement for its patrons, agreed, for a consideration, to keep the premises in proper condition did not relieve the company from liability for injury to a patron resulting from the lessee's failure so to do.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent.Dig. §§ 668–679; Dec.Dig. § 167.*]

6. TRIAL (§ 253*) — INSTRUCTIONS—IGNORING ISSUES.

Where, in an action against a railroad company for injuries to a patron on its amusement grounds, there was evidence of a joint liability of a lessee of the company and the company, and evidence of the negligence of the company in failing to discover and remove a tank causing the injuries complained of, without regard to the persons who placed the tank there, a special charge that, if the premises had been leased to a third person, and he permitted the tank to remain where it was, and the company had nothing to do with placing it there and did not know that it was there, the verdict must be for it was properly refused as ignoring the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

7. LANDLORD AND TENANT (§ 167*)—LIABILITY FOR PERSONAL INJURIES.

Where a railroad company maintaining amusement grounds granted to a third person the exclusive privilege of selling commodities on the first floor of a pavilion on the grounds for a percentage of the sales, and subject to the obligation of the third person to keep the floor free from obstructions, and the parties contemplated that they should have joint rights to the use of a part of the first floor, where a patron was injured, the company could not escape liability for the injury, caused by an obstruction on the floor, merely because the company did not expressly reserve the right to use the part of the premises where the injury occurred.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent.Dig. §§ 668–679; Dec.Dig. § 167.*]

8. LANDLORD AND TENANT (§ 167*)—LIABILITY FOR PERSONAL INJURIES.

A railroad company maintaining amusement grounds and granting to a third person the exclusive privilege of selling commodities on the first floor of a pavilion on the grounds for a commission, subject to his obligation to keep the floor free from obstructions, is liable for injuries to a patron, caused by an obstruction on the floor, where it or its agents or employés knew of the obstruction and failed to take steps to avoid the injury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent.Dig. §§ 668–679; Dec.Dig. § 167.*]

9. LANDLORD AND TENANT (§ 167*)—EVIDENCE—INSTRUCTIONS.

Where, in an action against a railroad company maintaining amusement grounds for injuries to a patron, caused by an obstruction

on the first floor of a pavilion on the grounds, there was evidence that the company had granted to a third person the exclusive privilege to sell, for a percentage, commodities, on condition that he should keep the first floor free from obstructions, an instruction that, if the jury failed to find that the placing of the obstruction or the leaving of it at the place where the accident occurred was negligence on the part of the company, its agents or employés, the verdict must be for it was properly refused, because relieving the company from liability, merely because it or its agents or employés would not have made the discovery of the obstruction, though other employés would have done so by the use of ordinary care.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent.Dig. §§ 668–679; Dec.Dig. § 167.*]

**10. LANDLORD AND TENANT (§ 167*)—EVIDENCE—INSTRUCTIONS.**

A railroad company owning and maintaining amusement grounds and granting to a third person the exclusive privilege of selling for a percentage commodities, subject to the condition that he shall keep the first floor of a pavilion on the grounds free from obstructions, is liable for injuries to a patron, caused by an obstruction on the first floor, where either the company or its agents or employés or the third person failed to exercise proper care; the third person having a right to the joint use of the property.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent.Dig. §§ 668–679; Dec.Dig. § 167.*]

**11. NEGLIGENCE (§ 138*)—BURDEN OF PROOF—INSTRUCTIONS.**

In an action for negligence, the court need not expressly charge that the burden is on plaintiff to establish his case by a preponderance of the evidence; but the court's charge as a whole must lead the jury to understand that such burden is on plaintiff.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 354–370; Dec. Dig. § 138.*]

**12. NEGLIGENCE (§ 138*)—BURDEN OF PROOF—INSTRUCTIONS.**

In an action for a personal injury negligently inflicted, instructions which state the issues, define negligence, and inform the jury that if they are satisfied from the evidence that the things necessary to a recovery have been proven to find for plaintiff, while, if they fail to find enumerated facts, the verdict must be for defendant, sufficiently charge that plaintiff has the burden of proving the negligence complained of.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 354–370; Dec. Dig. § 138.*]

**13. LANDLORD AND TENANT (§ 169*)—PERSONAL INJURIES TO PATRONS—EVIDENCE—BURDEN OF PROOF.**

Where, in an action against a railroad company maintaining amusement grounds for injuries to a patron, the evidence showed that the company had granted to a third person the exclusive right to sell commodities on the grounds for a percentage, subject to his agreement to keep the first floor of a pavilion on the grounds free from obstructions, and that the injury to the patron resulted from negligence, the burden of proving that the third person had the exclusive management and control of the premises, so as to relieve the company from liability, rested on it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 663–667, 681–684; Dec. Dig. § 169.*]

**14. EVIDENCE (§ 213*)—SETTLEMENT FOR INJURIES TO INFANTS—ADMISSIBILITY.**

In an action by an infant for a personal injury, evidence of his father's proposal to settle is inadmissible, in the absence of proof of the authority of the father to act for the child.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*]

**15. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.**

Under Courts of Civil Appeals rule 32 (67 S. W. xvi) providing that the propositions under an assignment must be stated separately, a proposition, under an assignment complaining of the admission of evidence, that it was error to allow a witness to testify to what he saw third persons doing, and that it was error not to permit the witness to state what instructions he gave them, is objectionable as containing two separate propositions, and the assignment will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**16. EVIDENCE (§ 151*)—INJURIES TO PATRONS—EVIDENCE—ADMISSIBILITY.**

Where, in an action for injuries to a patron on amusement grounds, caused by a tank falling on him, a witness testified that he saw third persons playing with the tank, and he fixed the time and place, the refusal to permit him to testify why he gave them certain instructions was not erroneous.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 440; Dec. Dig. § 151.*]

**17. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—INSTRUCTIONS.**

An assignment of error complaining of the giving of an instruction will not be considered, where the proposition thereunder contains two separate propositions of law, one that the charge is on the weight of the evidence, and the other that it gives undue prominence to plaintiff's contention, in violation of Courts of Civil Appeals rule 32 (67 S. W. xvi).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**18. APPEAL AND ERROR (§ 216*)—QUESTIONS REVIEWABLE—INSTRUCTIONS.**

A proposition, under an assignment complaining of the giving of an instruction, that the court should have informed the jury of matters not embodied in the instruction raises a question that can only be presented by a requested special charge covering the omitted matters.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

**19. TRIAL (§ 256*) — INSTRUCTIONS — REQUESTS.**

An instruction, given by the court on its own motion, is not erroneous, merely because it fails to cover an issue raised by the testimony; but such issue must be covered by a special request to charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

**20. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS COMPLAINING OF INSTRUCTIONS—PROPOSITIONS.**

An assignment complaining of an instruction will not be considered, where the proposition thereunder contains two separate and distinct propositions of law, one that the instruction failed to apply the law to the facts, and the other that it was misleading, in violation of Courts of Civil Appeals rule 32 (67 S. W. xvi).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**21. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS COMPLAINING OF INSTRUCTIONS — PROPOSITIONS.**

An assignment of error complaining of an instruction will not be considered, where the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

proposition thereunder contains two separate propositions, one that the charge was misleading, and the other that it was so framed as to convey to the jury an intimation of the opinion of the court, in violation of Courts of Civil Appeals rule 32 (67 S. W. xvi).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**22. TRIAL (§ 244*) — INSTRUCTIONS — UNDUE PROMINENCE TO FACTS.**

An instruction, in an action for injuries to a patron on amusement grounds owned and maintained by a railroad company, which had granted an exclusive privilege to a third person, that, if the jury failed to find that the premises where the accident occurred were under the control of the company, or if they failed to find that the placing of the obstruction at the place where the accident occurred was negligence on the part of the company, its agents or employés, the verdict must be for it was not objectionable as giving undue prominence to any part of the testimony on the issue of whether the company or the third person had control of the premises.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

**23. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR — INSTRUCTIONS — PROPOSITIONS.**

An assignment of error complaining of an instruction will not be considered, where the proposition thereunder contains two distinct propositions, one that the charge was misleading, and the other that it was on an issue not made by the testimony, in violation of Courts of Civil Appeals rule 32 (67 S. W. xvi).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**24. THEATERS AND SHOWS (§ 6*) — INSTRUCTIONS—MISLEADING INSTRUCTIONS.**

An instruction, in an action against a railroad company for injuries to a patron on its amusement grounds, caused by the falling of a gas tank, that, if the injury occurred on the property under the control of the company, and on which it had invited the general public for purpose of amusement, and if the tank was left by its agents in such a position as to be dangerous to persons of the age and intelligence of plaintiff, and if such action on the part of the company was negligence, the verdict must be for plaintiff was not objectionable as misleading.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 6; Dec. Dig. § 6.*]

**25. TRIAL (§ 194*) — INSTRUCTIONS—WEIGHT OF EVIDENCE.**

Where, in an action against a railroad company for injuries to a patron on its amusement grounds, the issue was whether the premises where the accident occurred were under the control of the company, or under the control of a third person having an exclusive privilege to sell commodities thereon, subject to the obligation to maintain the premises free from obstructions, and the evidence showed that a gas tank fell on plaintiff, a child two years old, a charge that, if the injury occurred on the property under the control of the company, and on which it had invited the general public for the purpose of amusement, and if the tank was left by the agents of the company in a place dangerous to persons of the age and intelligence of plaintiff, and such action was negligence, the verdict must be for plaintiff was not objectionable as on the weight of the testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Wilbarger County; P. A. Martin, Judge.

Action by Norman Adams, by next friend, A. B. Adams, against the Wichita Falls Traction Company. From a judgment for plaintiff, defendant appeals. Affirmed.

C. C. Huff and Orville Bullington, for appellant. L. H. Mathis, for appellee.

GRAHAM, C. J. This case was an action for damages for personal injuries, brought by appellee against appellant in the district court of Wichita county, based on allegations of negligence on the part of appellant, its servants, agents, and employés, resulting in the injuries and damages complained of.

On the trial below, the principal issues raised by both pleadings and evidence were: (1) Was culpable negligence shown; and, if so, (2) was G. L. Mater, as lessee and tenant of appellant, alone liable for the injuries flowing from such negligence?

A trial before a jury resulted in a verdict and judgment in favor of appellee and against appellant, from which this appeal is prosecuted.

The record shows that the injuries for which the recovery was had were sustained on Sunday, about June 6, 1910, by a son of A. B. Adams, which son was, at the time of the injury, slightly more than two years old; that on the date of the injury, and for some time prior thereto, appellant owned a street car line located, not only in the city of Wichita Falls but extending from said city to Lake Wichita, about 6½ miles from the city; that in the edge of this lake appellant had constructed and also owned a large pavilion, built of concrete, the car line running within a few steps thereof, with a landing for receiving and discharging passengers from the cars near the southeast corner of the pavilion. The pavilion was about 60x100 feet, ground dimensions, had a basement below the level of the ground, which was largely used as a workshop; had a first floor, which contained a large hall in the center, with concrete walks from 12 to 14 feet wide entirely around it, with large doors at intervals opening from the hall onto these walks; the second floor contained a large room for dancing and other purposes, and was also surrounded on all sides by a wide walk or promenade. The stairways leading from the first floor commenced something like 6 feet back from the front of the main building, and were so constructed as that persons desiring to go to the second floor from the front and main entrance were compelled to use a portion of the 12 to 14 foot walks surrounding the first floor; from the back of the pavilion were piers, extending from near a level with the first floor and into the lake, and steps from these piers led down to the water's edge, where boats, owned by appellant

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

and kept by it for hire, received and discharged those using them.

The record, we think, shows also, without question, that the pavilion, boats, and other improvements owned and maintained by appellant, or caused to be maintained by it at this lake, were so owned and maintained as a resort for those seeking amusement and recreation, and that it in all proper ways encouraged and induced the public to patronize said resort, because of the profits that would arise to it from car fare from the city to said resort and return, as well as the profits that would arise from the privileges, such as were awarded Mater under his contract hereinafter copied; the record also showing that appellant thus invited and carried the public to said resort, including the portion thereof where the injury occurred, the record amply warranting the conclusion that on Sundays and other holidays this resort was more liberally patronized than on other occasions.

The following contract was entered into by and between appellant and Geo. L. Mater, of date February 9, 1910: "Wichita Falls, Texas, February 9, 1910. Mr. Geo. L. Mater, Wichita Falls, Texas—Dear Sir: Confirming understanding had with our Mr. Palmer L. Clarke, with reference to concessions at Lake Wichita, beg to state that it is understood and agreed between us that you are to have exclusive privilege for the sale of confectionery, pop corn, peanuts, ice cream, cigars, soft drinks, lunches, and meals at Lake Wichita, for a period of one year, beginning March 1st, 1910, for which privilege you agree to pay us twenty-five (25%) per cent. of the gross receipts received from the sale of goods under this privilege. It is understood that we are to select the cashier to handle these funds and you are to pay the cashier's salary. It is also understood that at any time the management is not satisfactory to us and same is not being handled as we think it properly should be, on giving you notice, we are to take your stock of utensils at an appraised valuation, figuring first cost and general wear and tear, shortage, etc., and this contract shall immediately terminate. Yours truly, Wichita Falls Traction Co., by J. A. Kemp, President.

"I understand and accept the above. Geo. L. Mater."

It was pleaded by appellant, and evidence was introduced tending to support the contention, that said written contract was not all the contract between appellant and said Geo. L. Mater; and evidence was introduced for the purpose of showing that it was really agreed, as a part of said contract, that said Mater should also have exclusively the first floor of said pavilion as a place in and from which to conduct his business, and that Mater was to keep that floor clean and clear of obstructions, etc.

As the principal questions arising and to be discussed on this appeal will be based upon the charge of the court as given and special charges requested and refused, we think proper to copy here the main charge, as well as the material special charge given, and they are as follows:

### Main Charge.

"In this case, the plaintiff, a child, sues by parent or next friend the Wichita Falls Traction Company, alleging personal injury resulting from the fall of an iron gas tank or reservoir upon plaintiff's hand, thereby wounding and injuring his hand. Plaintiff charges that said gas tank was allowed to remain standing on end in a place where it was dangerous to a small child, and that such fact constituted negligence upon the part of the defendant, its agents and employés, and that such negligence was the proximate cause of plaintiff's injury.

"The defendant pleads a general denial, putting in issue all the material allegations in plaintiff's petition. It also specially pleads, in effect, that if the plaintiff was injured as alleged, and negligence was the proximate cause of the injury, that it was the negligence of one George Mater and his agents and employés, and not the negligence of the defendant and its employés, by reason of the fact, as alleged by defendant, that the premises where the accident occurred were in the exclusive control of said Mater, and that defendant was under no legal obligation to keep same free from dangerous articles or obstructions. Upon the issues thus drawn between the plaintiff and the defendant, the court charges you as to the law of the case as follows:

"(1) Wherever you may find in this charge the term 'negligence' used, it means a failure to exercise that degree of care that an ordinarily prudent person would exercise under the same or similar circumstances.

"(2) If you find and believe from the evidence that the plaintiff, Norman Adams, was injured by the falling of a gas drum or tank upon his wrist and hand, and that such injury occurred upon the property under the control of the defendant, Wichita Falls Traction Company, and upon which property said defendant had invited the general public for the purpose of amusement, and if you further find that the said gas tank or reservoir was left by the agents of the defendant company in such a place and position as to be dangerous to persons of the age and intelligence of the plaintiff, and if you further find that such action upon the part of the defendant and its agents and employés constituted negligence, as that term has been defined to you, then you are instructed to find a verdict for the plaintiff and assess his damages as hereinafter charged.

"(3) On the other hand, if you fail to find that the pavilion where the accident occurred was under the control of the defendant

company, or, if you fail to find that the placing of the gas tank or reservoir, or the leaving of it, at the place where the accident occurred was negligence on the part of the defendant, its agents and employés, then you will find for the defendant.

"(4) The defendant, by plea, claims that this accident, if due to negligence at all, was due to the negligence of one George Mater and his agents, servants, and employés, and not to the negligence of the defendant, and upon this issue you are instructed to take into consideration the contract introduced in evidence and all other facts and circumstances proven, and determine from all the evidence, whether the place where the accident occurred was under the exclusive control of Mater and his servants, as lessee of this part of the pavilion, or whether he and those working under him were really the agents and employés of the defendant, carrying forward the purposes and objects of defendant. In arriving at a conclusion as to this question, you are instructed that the real intention of Mater and the officers of the defendant company when the contract was made between them would govern. If, by the terms of Mater's contract, it was meant that the defendant company surrendered all its rights to the first story of the Colonnade, including the concrete walks where the accident occurred, for a certain period of time, then the negligence, if any, was chargeable to Mater; and if, on the other hand, it was meant that the defendant company simply let out to said Mater certain privileges, and retained its general ownership and control over the property, the facts that Mater hired his own help and paid for same and settled with the company by sharing the gross receipts of his part of the business would not make him any less an agent and employé of defendant; and, if this was the purpose and intent of the parties at the time of making such contract, then the negligence of Mater or his employés would be chargeable to the defendant, and you should so find; or, if you find that both Mater and the traction company used, occupied, and controlled said premises for a common purpose, then each would be liable for such negligence, and you should find for plaintiff on this issue.

"(5) In case you find for the plaintiff, you are instructed that the measure of his damages is a sum which you may find from the evidence would fairly and reasonably compensate him for the injury sustained, if any, and, in order to arrive at the amount, you should be authorized to take into consideration the character and extent of his injury, whether permanent or otherwise, and his physical pain, if any, in consequence of such injury, and what physical pain he will probably suffer hereafter, if any, in consequence thereof, and, if you find his injury to be permanent, then you should allow him such sum as would, if paid now, fairly and reasonably

compensate him for his diminished capacity, if any, to work and earn money after he reaches the age of 21 years; but you cannot allow him any damages for diminished capacity to labor and earn money during his minority.

"(6) The jurors are the sole judges of the facts proven, the credibility of the witnesses, and of the weight to be given the testimony; but the law of the case you will receive from the court's charge and be governed thereby."

### Special Charge No. 9.

"Even though you may find and believe from the testimony that the defendant herein had control of the first floor of the pavilion and the place where the injury is alleged , to have occurred, yet you are instructed that the defendant would not thereby become the insurer of the safety of all persons coming upon said premises, but would only be required to exercise ordinary care and effort to keep said premises in a reasonably safe condition; and, if you find that the defendant did exercise ordinary care and diligence to keep said premises in a safe and secure condition, then your verdict will be for the defendant, even though you may believe that the plaintiff sustained injuries as alleged by him."

[1, 2] Under appellant's first assignment of error in its brief, contention is made that the trial court erred in refusing to give a peremptory instruction for appellant as requested by it; it being based on the contention that Geo. L. Mater, a tenant or lessee of appellant, and not appellant, was liable for such damages, if any, as appellee had shown a right to recover. The record shows clearly that the written and oral agreements between appellant and Geo. L. Mater, of date February 9, 1910, were in full force on the date of the injury, which forms the basis of this suit; but we cannot concur in appellant's contention that there was no such question of liability on the part of appellant, under the evidence, as required a proper submission of the issues to the jury. Most clearly, under the written contract, Geo. L. Mater is not given any kind of management, control, or possession of any portion of the premises of appellant at Lake Wichita, but is simply given in said writing the exclusive right to sell certain commodities on and in appellant's premises at said Lake Wichita, and while appellant sought, through its evidence, to show that under the oral portion of said contract Geo. L. Mater had leased exclusively the entire first floor of the pavilion, including the concrete walks surrounding the large room situated on this floor, and that he had exclusive control and management of said entire floor under said contract, we think the evidence as a whole fails to show that any such contract was made in words; and we further believe that under the evidence as a whole, if it is not

clearly shown, the evidence tends to show that no such agreement was made by the parties, for the reason that the record shows that neither the second story of the pavilion nor the boats of appellant could, with any degree of convenience, be reached or used by it or its patrons without using at least a portion of, the concrete pavement surrounding and forming a part of said first floor. The record, without contradiction, also shows that certain slot machines were situated on the walks surrounding the large room on this first floor, which were there for the ·use of the public, and which were controlled and managed by others than Geo. L. Mater, and that they were so used and managed without any arrangement or agreement having been made with Mater. If the evidence had shown conclusively, without any conflict, that Geo. L. Mater, under a lease contract, either written or oral, had exclusive control and management of the portion of the premises where the injury occurred, under the balance of the record as made, it would have been proper for the trial court to peremptorily instruct the jury to return a verdict for appellant, under the law as announced in the case of T. & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617; but if, as the evidence tends to show, there was a lease contract between appellant and Geo. L. Mater, covering the entire first floor, if it was understood or agreed between the parties thereto that appellant reserved such rights in the portion of the premises where the injury occurred as was necessary for the convenient use of other portions of its property, and while appellant's patrons were so using it the injury occurred, appellant would be liable, notwithstanding such lease contract, under the rule also announced in the case of T. & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617. Believing that there is ample evidence found in the record to raise an issue as to whether or not Geo. L. Mater, under his lease or rental contract of the premises where the injury occurred, was to the exclusion of the rights of appellant thereon, it follows that this assignment must be overruled.

[3,4] Under appellant's second assignment in its brief, contention is made that the trial court erred in refusing to give its third special charge, as·requested, which was in effect, if the jury found Mater to be a tenant of appellant, to return a verdict for it. Under the testimony introduced in this case, an issue was raised, not only as to what territory was covered by Mater's lease, but as to whether or not appellant had surrendered its right to the use and enjoyment of that portion of the premises where the injury occurred. An inspection of this special charge will show that it ignores the fact that Mater might be a tenant of appellant, and still appellant could be held liable, on the ground that, under the lease contract, appellant and Mater each had a right to the use

and enjoyment of the portion of the premises where the injury occurred; and for this reason, among others, we think this special charge, if given, would have been misleading to the jury. Aside from the defect in the special charge under discussion, we think the trial court sufficiently and correctly covered the issue sought to be submitted to the jury in charges given by him; and for these reasons this assignment will be overruled.

[5] Under appellant's third assignment in its brief, contention is made that the trial court erred in failing to give appellant's special charge No. 3a, which was in effect the same as its third special charge above discussed, except that special charge No. 3a contained the additional proposition that, if Mater had agreed to keep the first floor of the pavilion clear of obstructions and in a sanitary condition, appellant would not be liable for injuries sustained thereon. We do not think that the mere fact that a third person may agree, for a consideration, to keep the premises of another in proper condition, even though the agreement went to the extent of attempting to release the owner of the premises, or the persons in control thereof, from liability resulting from a failure so to do, will relieve the owner of the premises, or the one who actually has control of them, from being liable for such damages as may arise from the premises being negligently kept; and we therefore think the trial court did not err in refusing to give special charge No. 3a, as requested.

Under appellant's fourth assignment in its brief, contention is made that the trial court erred in failing to give appellant's special charge No. 4, as requested, which special charge, we think, covers the same issues as were sought to be presented in its third special charge, which has above been discussed, in disposing of appellant's second assignment; and, for the reasons given by us in disposing of it, we also overrule this assignment.

[6] Under appellant's fifth assignment in its brief, complaint is made that the court below committed error in failing to give special charge No. 5, as requested. The propositions set forth in this special charge are that if the premises had been leased to Mater, and he permitted the tank to remain where it was, the appellant company having had nothing to do with placing it there, and did not know it was there, to find for appellant. We think the special charge defective, both in ignoring the joint liability of Mater and appellant, for the reasons hereinbefore discussed, and also in ignoring the question of whether or not appellant had been guilty of negligence in not having discovered the presence of the tank at and in failing to remove it from a place of danger, without regard as to who may have placed it there. We also think the legal question

sought to be submitted, in so far as same contains a correct proposition of law, was sufficiently covered in the court's charge as given.

[7] Appellant, under its sixth assignment in its brief, insists that the trial court erred in failing to give special charge No. 5a, which presents the proposition that if Mater had the right under his contract to sell cold drinks and other commodities on the first floor of the pavilion and, under his contract, was to keep said floor free from obstructions, and it was to his interest, as well as that of appellant, for the traveling public to use the place where the injury occurred, if no right was expressly reserved by appellant to use the place where the injury occurred and said public did use said place, and said premises were under the control of Mater, and he was duty bound to keep them safe, to find for appellant. We do not believe that the fact that it was to the joint interest of Mater and appellant to use the premises, and that they did so, coupled with the further fact that no express reservation by appellant was made for it to use said portion of said premises and that Mater, under the contract, was bound to keep them free of incumbrances or obstructions, under all the other facts in this case, would relieve appellant from liability; if, as a matter of fact, it was contemplated by the parties to the contract that they should have joint rights to the use of the portion of the premises where the injury occurred, and as the other questions raised under this assignment have hereinbefore been disposed of adversely to appellant's contention, this assignment will be overruled.

[8, 9] Under appellant's seventh assignment in its brief, it is claimed that the trial court erred in failing to give special charge No. 8, requested by appellant, which presents the proposition that, if the tank was placed in a place of safety by Mater or his employés, and that some one, not in the employ of either Mater or appellant, without the knowledge of Mater or appellant, moved same to the place of danger, and if the Traction Company, its agents *and* employés, did not know the tank had been moved to the place of danger, and by the use of ordinary care could not have known of its removal before the accident, appellant would not be liable. We think this charge defective, and would clearly have been misleading to the jury, if given, in that it required that appellant, its agents and employés, know that said tank had been moved to the place of danger before appellant would be liable; while, as a matter of law, if either appellant, its agents *or* employés, so knew and failed to take steps to avoid the damage, it would be liable under the law. Aside from this defect in the special charge, we think the legal question sought to be submitted is sufficiently covered in the charges of the court that were given, and especially in paragraph 3 of the main

charge, when read in the light of the other portions of the charge given. The principal proposition sought to be called to the attention of the jury under the requested special charge was the effect of a want of sufficient time after the tank was removed from a place of safety to a place of danger as bearing upon the question of negligence, and it will be observed that this question is clearly covered by the court's main charge in section 3, where this language is used: "Or if you fail to find that the placing of the tank or reservoir, *or the leaving of it*, at the place where the accident occurred was negligence on the part of defendant, its agents and employés, then you will find for defendant." And we think from this that the jury must necessarily have understood that, if, by the exercise of ordinary care, the presence of the tank in the place of danger would not have been discovered by appellant and its agents and employés, no negligence arose from a failure to make such a discovery. The truth is that this paragraph of the court's charge, technically construed, would relieve the company from liability if either appellant, its agents or employés, would not have made the discovery, even though other employés would have made the discovery by the exercise of ordinary care. Because the special charge, as worded, did not contain the law as applied to the case, for the reasons indicated, and for the further reason that the question sought to be submitted was, we think, sufficiently covered in charges given by the trial court, this assignment will be overruled.

[10] Under appellant's eighth assignment in its brief, it is insisted that the trial court erred in failing to give appellant's special charge No. 8a, as requested. We call attention to the fact that this special charge is so worded as to relieve appellant from liability if either it or its agent or its employés or its lessee used ordinary care in the particulars mentioned, while as a matter of law, if either appellant or any of its agents or any of its employés or its lessee, provided the lessee had a right to the joint use of the property, failed to exercise proper care, appellant would be liable for injuries resulting therefrom. Aside from these defects, we think this special charge presents substantially the same question as was contained in appellant's ninth special charge, which was given by the trial court, and has hereinbefore been copied. This assignment will be overruled.

[11-13] Appellant, under its ninth assignment in its brief, contends that the trial court erred in failing to give in charge to the jury its twelfth special charge, which was to the effect that the burden was on appellee to establish by a preponderance of the evidence the material allegations in his pleading, and if he had failed so to do to find for appellant. There can be no question but

that the principle of law announced in this special charge is a sound one in a proper case, and in a proper case, if the jury were not in some way given to understand this to be the law, the case would be reversed for a failure to so inform them. We do not believe, however, that it is necessary for a court's charge in express terms to state to the jury, either that the burden is on plaintiff, or that plaintiff must make out his case by a preponderance of the evidence. If the court's charge as a whole is such that the jury must have understood therefrom that the burden was on plaintiff to make out his case as to material issues by a preponderance of the evidence, that is sufficient. We have carefully examined the charges given by the court and, while the jury are not in express words anywhere told that the burden was on plaintiff to establish the material allegations in his petition, in order to entitle him to a recovery, and that a failure so to do would entitle defendant to a verdict, we think the charges given by the court must necessarily have been understood by them to have meant this. It will be observed that the court in his main charge first informed the jury as to the issues in the case, and he then, after defining negligence, in section or paragraph 1, in effect, in paragraph 2, informed the jury that if they were satisfied from the evidence that the things necessary to a recovery had been proven to find for plaintiff. He then, in paragraph 3, uses this language: "On the other hand, if you fail to find that the pavilion where the accident occurred was under the control of the defendant company, or, if you fail to find that the placing of the gas tank or reservoir, or the leaving of it, at the place where the accident occurred was negligence on the part of the defendant, its agents and employés, then you will find for the defendant." Aside from the question as to whether or not the court's main charge informed the jury that the burden was upon plaintiff to prove material allegations by a preponderance of the evidence, we have some doubt as to whether or not it would have been proper, in the light of appellee's rights, to have given such a charge in express terms in this case, for the reason that when the proof was introduced and showed that an injury had resulted under circumstances growing out of negligence, and that the premises where the injury occurred were owned by appellant, we are inclined to the opinion that the burden of proof on the issue as to whether or not Mater had the exclusive management and control of said premises was on the defendant, it being in the nature of a special defense, and yet this was one of the issues in this case upon which appellant's right of recovery depended. For the reasons above stated, we overrule appellant's ninth assignment of error. H. & T. C. Ry. Co. v. Dotson, 15 Tex. Civ. App. 73, 38 S. W. 642; Blum v. Strong, 71 Tex. 321, 6 S. W. 167; An-

derson v. Baird (Ky.) 40 S. W. 923; Davis v. Davis, 20 Tex. Civ. App. 310, 49 S. W. 726.

[14] Under appellant's tenth assignment in its brief, contention is made that the trial court erred in excluding evidence covered by its seventh bill of exception. The evidence was to the effect that some time before the suit was filed the father of the injured child had gone to Mater and proposed to settle with him for the injury the child had received for the sum of $79. The introduction of this testimony was evidently sought for a twofold purpose: First, as a circumstance tending to show that the father thought Mater liable for the injury, and not the street car company; and, second, as a circumstance tending to show that the father thought the injury sustained by his child was slight. We are familiar with the rule of law that, under certain circumstances, permits the introduction of such evidence as was sought to be introduced in this case. It will be borne in mind, however, that the injured person in this case was a minor, and it certainly should not be held responsible for a mistake that its father may have voluntarily made as to who was responsible to it for the injury sustained, or as to the amount it should recover. It might be possible, if the record showed that, after the father had been by a proper court authorized to act for the child, it had been made to appear that this act was within the apparent scope of his authority, the child might have been bound thereby. We think, however, under the record as presented, that the court properly excluded the proffered testimony; and this assignment will therefore be overruled.

[15, 16] Under appellant's eleventh assignment in its brief, it is contended that the trial court erred in excluding the testimony covered by its bill of exception No. 8. The record shows that Allan Estes testified by deposition, and, after testifying in effect that on the day of the injury he was in the employ of Mater, who had a cold drink stand, pop corn wagon, and other concessions on the first floor of the pavilion, that he had seen those two gas tanks, described in plaintiff's petition, away from the pavilion, near the street car track, and further testified that this was in the afternoon, and probably 30 minutes before the accident occurred, and also had seen some boys handling the tanks. He was thereupon asked the following question: "If you have answered that you saw two boys playing with the tanks in question, where they had been placed, kindly state whether or not you said anything to the boys, and whether or not you instructed them to let the tanks alone. If you say that you did, then kindly state why you did this." To the answering of which question, objection was made, and the objection was sustained and the bill of exceptions showed that the answer would have been: "Yes; I spoke to the boys who were playing with the tank,

and asked them to let it alone, and told them that they might break the valves off." The proposition submitted under this assignment reads as follows: "In a suit against a Traction Company for damages for personal injury to a child by reason of alleged negligence in permitting an iron tank to be and remain upon a platform of a public pavilion, where a witness had testified that he saw two boys, not connected with the Traction Company, and not in the employ of the Traction Company, or in any way connected with it playing with this gas tank before the injury occurred and at the time the tank was away from the pavilion and near the street car tracks, and at a place of safety, it was reversible error for the court to refuse to permit the defendant to show by the witness that he saw the boys playing with the tank, and that he instructed the boys to let the tank alone." We are of the opinion that this proposition violates rule 32 (67 S. W. xvi), governing the Courts of Civil Appeals of this state, in that there are two separate and distinct propositions. One being that it was error to allow the witness to state that he saw the two boys playing with the tank, and the other being that it was error not to permit the witness to state what instructions he gave them. Even if the assignment be considered, however, we think it should be overruled, for the reasons that the record clearly shows that the witness was permitted to testify that he saw the boys playing with the tank, giving the time and the place where the tank and the boys were, and there could therefore be nothing in the assignment as to this portion of the proposition. It will also be observed that the proposition is based upon the fact that the witness was not permitted to answer that he gave the boys instructions while the question asked was not alone for the instructions given, but was also for the reason why the instruction was given; and we think most clearly that portion of the question and the answer thereto that embraced the reason of the witness was not admissible. We therefore think that, even if this assignment has been properly briefed, it should be overruled for want of merit.

[17-20] Under appellant's twelfth assignment in its brief, it is contended that the trial court erred in giving paragraph or section 4 of his main charge; there being six propositions submitted thereunder. The first being, in substance, that the charge was on the weight of evidence, and also gave undue prominence to plaintiff's contention in the case. We shall refuse to consider this proposition, for the reason that there are two separate and distinct propositions of law embodied therein, one being that the charge was on the weight of evidence, and the other being that it gave undue prominence to plaintiff's contention in the case, and is therefore in violation of rule 32 for the government of our Courts of Civil Appeals. The sec-

ond proposition under this assignment raises a question that we think should and could be raised only by having requested a special charge covering the issue; the proposition being, in effect, that the court should have informed the jury of matters that he failed to inform them of in this portion of the charge. After making a partial statement of the issues in the case, this proposition then contains an excerpt from the paragraph of the court's charge under consideration, as follows: "If by the terms of Mater's contract it was meant that the defendant company surrendered its right to the first story of the Colonnade pavilion, including the concrete walks where the accident occurred, for a certain period of time, then the negligence, if any, was chargeable to Mater, and if, on the other hand, it was meant that the defendant simply let out to Mater certain premises and retained its general ownership over the property, the fact that Mater hired his own help and paid for same and settled with the company by sharing the gross receipts of his part of the business would not make him any less the agent or employé of the defendant." The proposition then proceeds, "was clearly erroneous, in that the court failed to charge the jury that, if they found that the property was leased to Mater, and if they found that the negligence, if any, was chargeable to Mater, then to return a verdict for the defendant." We think, when paragraph 4 of the court's main charge is read as a whole, it is not open to the objection sought to be made under this proposition. Appellant's third proposition under the assignment under consideration also lays down the proposition that it was error for the court to refuse to instruct the jury what verdict they would find, if they found facts to exist showing the premises were leased to Mater. It will be observed that this proposition raises the question of whether or not a reversal should be had, because the court failed to specifically mention some issue believed by appellant to have been in the case; and, as we understand the law, a charge given by the court will not be held to be erroneous, simply because it may fail to cover some issue raised by the testimony, but such issues should be covered by special charges, in the event the court fails to cover them. We think, however, that paragraph 4 of the court's main charge, when read as a whole, is not open to the objection sought to be urged. Appellant's fourth proposition is to the effect that paragraph 4 of the court's charge is erroneous, in that it fails to clearly and distinctly apply the law to the facts in the case, and was misleading and confusing. We shall not consider this proposition, for the reason that it contains two distinct propositions of law; one being that the portion of the charge complained of failed to distinctly apply the law to the facts in the case; and the other being that the portion of the

charge complained of is misleading and confusing. The charge might not be misleading or confusing and be very specific, and yet fail to apply the law to the facts developed on the trial. On the other hand, a charge might be misleading and confusing, and yet, in a misleading and confusing way, apply the law to the facts as developed on the trial. Because this proposition is in violation of rule 32 for the governing of the Courts of Civil Appeals, we refuse to consider it. Under appellant's fifth proposition, contention is made that the portion of the charge of the court under consideration is upon an issue not made by the pleadings and the testimony, and is an intimation that a certain issue had been made. We have examined the portion of the charge under discussion and feel that the same is not subject to the objection urged. Under appellant's sixth proposition, contention is made that the portion of the charge complained of is on an issue not made by the testimony, and, for the reasons given in overruling the last above-mentioned proposition, this proposition is also overruled.

[21, 22] Under appellant's thirteenth assignment of error in its brief, it is contended that the trial court erred in giving paragraph or section No. 3 of his main charge to the jury, and three propositions are urged under this assignment, as follows: (1) "It is reversible error for the trial court to charge the jury upon an issue not made by the testimony." (2) "It is error for the trial court to give undue prominence to certain parts of the testimony by charging directly on such testimony, and such error is cause for reversal." (3) "A charge of the court which is misleading and confusing and an intimation to the jury that, in the opinion of the court, certain facts have been established is reversible error." We decline to consider the third proposition, because it is in violation of rule 32, governing our Courts of Civil Appeals, in that it contains two separate and distinct propositions, one being that the portion of the charge complained of was misleading and confusing, and the other being that it was so framed as to carry to the jury an intimation of the opinion of the court that certain facts had been established. We have examined the paragraph or section No. 3 of the court's main charge, and fail to find anything therein contained submitting to the jury an issue not made by the testimony, as contended under the first proposition above mentioned, or to find anything therein contained which gave undue prominence to any part of the testimony. The truth is that if paragraph No. 3 of the court's main charge could be criticised for any cause it would be because of the general terms in which it is couched, and it certainly submits no issues to the jury not raised by the testimony.

[23-25] Appellant's fourteenth assignment of error is as follows: "The court erred on the trial hereof in its main charge to the jury and in paragraph No. 2, thereof." And the only proposition submitted thereunder is as follows: "A charge by the court which is misleading and not upon an issue made by the testimony and upon a weight of the testimony is cause for reversal." While we feel that both the assignment and the proposition are in violation of the rules, in that neither is confined to one distinct proposition of law, we have examined the paragraph of the court's charge complained of and are of the opinion that it is not subject to the criticism made, and therefore overrule the assignment.

Believing that the record shows no reversible error, and that the verdict rendered by the jury was one in accordance with substantial justice, as shown by the record in this case, appellant's assignments of error will all be overruled, and the judgment of the trial court will be affirmed; and it is so ordered.