### HOUSER v. HARRIS et al.
#### No. 4096.

Court of Civil Appeals of Texas. Texarkana.
Nov. 24, 1931.

Rehearing Denied Dec. 3, 1931.

Collins & Houston, of Dallas, for appellant.

Burgess, Burgess, Chrestman & Brundidge and Dallas C. Biggers, all of Dallas, and Frank Rawlings, of Fort Worth, for appellees.

LEVY, J. (after stating the case as above).

The question arising is the simple one of whether or not in the circumstances the appellant can be deprived of the privilege of being sued in the county of his domicile. The statute expressly declares, and makes it the fundamental right of the defendant, that the venue of the action shall be at the residence of the party sued, unless there is some statutory provision to the contrary. An exception, enumerated in the statute, fixes the venue of an action at the residence of either defendant, where two or more defendants to the action shall reside in different counties. Exception 4, and also exception 29a of article 1995, R. S. The limitations placed upon the above exceptions to the statute are that the party who is a nonresident of the county in which the action is brought must be a proper or a necessary party to the plaintiff's action. Rush v. Bishop, 60 Tex. 177; Holloway v. Blum, 60 Tex. 625; Texas & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617; Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5; Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; and other cases. Therefore, it certainly follows that persons who are not proper or necessary parties to the action cannot, as respecting venue, be sued out of nor denied the privilege of being sued in the county of his residence, and the dominating venue named in the exceptions cannot prevail. In the light of the principle set out, Can the appellant, as respecting venue, be regarded as properly joined as the codefendant with Ed Sproles in the plaintiff's suit? With reference to the joinder of defendants in cases of pure negligence, as is the character of the case here, the rule is general and invariable that any and all of the joint tort-feasors may be joined as party-defendant at the will of the plaintiff. 38 Cyc. p. 490; 47 C. J. p. 70; 1 Sutherland on Damages (3d Ed.) § 140; 6 Thompson on Negligence (Ed. 1905) § 7435; Middleton v. Pipkin (Tex. Civ. App.) 56 S. W. 240, 241; Loftus v. Maxey, 73 Tex. 246, 11 S. W. 272; Wolf v. Perryman, 82 Tex. 112, 17 S. W. 772; Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914; Markham v. Navigation Co., 73 Tex. 247, 11 S. W. 131; Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S. W. 621; and other cases. But the rule is equally as established and invariable that there cannot, as respecting venue, be proper joinder of several persons as defendants in an action for pure tort where the persons committing the tort were acting, not jointly upon concert of action or by simultan-

eous wrongful acts or with community of legal responsibility, but separately and for themselves alone without any concert or without legal obligation with the others. 29 Cyc. p. 565; 38 Cyc. p. 484; 47 C. J. § 147, p. 71; Texas & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617; Behrens v. Brice, 52 Tex. Civ. App. 221, 113 S. W. 782; Jackson v. Pipe Line Co. (Tex. Civ. App.) 33 S.W.(2d) 540; McCarty v. Ash (Tex. Civ. App.) 18 S. W.(2d) 765; McCauley v. McElroy (Tex. Civ. App.) 199 S. W. 317; McCarroll v. Edwards (Tex. Civ. App.) 22 S.W.(2d) 684. Quoting from 38 Cyc. p. 483:

"So far as concerns the number of individuals who may be held responsible, torts are either single or joint. The class within which a particular instance of wrong may be placed depends in general, not upon the inherent nature of the tort itself, but upon the method of its accomplishment, for nearly every tort is susceptible of commission by one or many. Where different persons owe the same duty and their acts naturally tend to the same breach of that duty the wrong may be regarded as joint and both may be held liable."

As by way of general illustration of the difference. In Markham v. Navigation Co., 73 Tex. 247, 11 S. W. 131, the injury to the plaintiff was caused by a flagpole on the tugboat in which she was riding being caused to fall on the head of the plaintiff by striking against a rope stretched across the bayou by employees of the navigation company. The two wrongdoers were jointly liable as tortfeasors because the separate wrongful acts of the parties, of stretching the rope across the stream in direct line of navigation, and of negligent operation of the tug under the rope, could have caused injury to the plaintiff only when combined together. The negligent operation of the tug would not have produced the injury but for the rope being in the pathway of the tug. It took the combined acts of the wrongdoers to produce the injury, and but for the combined and concurrent wrongs of the two the injury would not have happened. The sole negligence of one of the defendants would not have caused the injury. In Economy Light & Power Co. v. Hiller, 203 Ill. 518, 68 N. E. 72, 73, the plaintiff was injured by contact with a broken telephone wire hanging across an electric light wire. The injury would not have happened by the sole negligence of one of the defendants. As stated by the court: "The evidence showed the common duty owing by both of the defendants to the public, resulting from the situation and proximity of the wires, and the use of the dangerous agent by the Economy Light & Power Company. The evidence tended to show a concurrent neglect of the common duty which rested upon both the defendants, and the negligence was joint in its character." In Mercantile

Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S. W. 621, the Dalhart bank agreed to take and forward the draft and handle the collection and its correspondent undertook to perform that agreement. Neither bank was acting separately and for itself alone in the method of accomplishing the undertaking. Each bank was under the same legal duty in respect to the draft, and there was community of legal duty with respect to the owner of the draft. There was joint liability because the negligence of each bank tended to the same breach of the common duty owing by them to the owner of the draft. In Texas & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617, the defendant Ginochio leased ground from the railroad company adjoining its depot and erected and maintained an eating house thereon, to which the company's employees and passengers resorted for refreshment. The plaintiff received his injury by reason of a defective doorstep at the entrance of the eating house. The eating house was not managed or controlled by the railway company. There was not joint liability for the injury because there was not a common duty owing to the plaintiff on the part of both the defendants to keep in repair and well lighted the passageway, and as a consequence the negligence was not the joint or combined negligence of the two, but was the sole negligence of the defendant Ginochio, who was the owner of the defective steps or platform. Accordingly, under the definition and test stated above, it is believed the two codefendants in the present case could not be classed and regarded as joint tort feasors. The two defendants were operating separately owned motor vehicles, and there was no joint operation of the vehicles and no agency between the two defendants, and neither one had any control over the acts or the conduct of the other before or at the time the injury occurred. According to the special circumstances, as set out in the findings of the court, the injury to the plaintiff was not caused by nor did it result through any combined negligence of the two defendants. The special circumstances reflect acts and conduct entirely separate and independent and wholly without any concert of action on the part of the two wrongdoers. John Houser was either guilty of negligence directly and solely causing the injury of plaintiff in trying to pass the truck, or in operating his automobile in the manner done in trying to pass the truck, or he was not guilty of any negligence. On the other hand, the driver of the truck owned by Ed Sproles was either guilty of negligence directly producing the injury to plaintiff in suddenly swerving the truck, in the particulars named in the court's findings, on the left side of the road, knowing that John Houser was operating his automobile in attempting to pass around the truck, or the driver of the truck was not guilty of

any negligence. The injury was not dependent for happening solely by the combined negligence of the two. In face of the special findings of the details of the acts done by each defendant, the trial court's conclusion would have the force and meaning, and should be so regarded, that the separate negligent act of each defendant "were each a proximate cause of the plaintiff's damages." In other words, the injury was the result of the sole negligence of either one or the other defendants. As above shown, in the principles of law, one is never liable for the wrong of another in case their acts proximately causing injury are entirely distinct and separate and without community of legal responsibility. And it is a principle of law, not as respects venue, but for determining the extent of liability for a tortious injury, and as a rule as concerns the number of individuals who may be held severally responsible, when there is not concert of action and combined negligence, such as would constitute joint tort feasors, that each wrongdoer is responsible for the entire result and cannot escape the extent of full liability even though his negligent act alone did not cause the single injury. 38 Cyc. p. 488; 29 Cyc. p. 496. One payment in full, however, satisfies the plaintiff's right. It is believed that the present case is ruled by the case of McCarroll v. Edwards, 22 S.W.(2d) 684, decided by this court, wherein it was determined, upon facts very similar to those of the present appeal, that the defendants were not joint tortfeasors and could not be sued by the plaintiff jointly in a different county as against the plea of privilege.

It is believed that, as respects venue, unless the parties were joint tort-feasors, the question of either proper or necessary parties would not further arise. The case of Cobb v. Barber, 92 Tex. 309, 47 S. W. 963, would not be applicable and controlling of the present appeal. In that case a chattel mortgagee joined the mortgagor with the defendant who had converted the mortgaged property. The mortgagor was held to be a proper party to the suit as having an immediate pecuniary interest in the cause of action because, not having sold his equity or redemption, he was entitled to have recovery of all the damages resulting from the conversion above the debt owing by him to the mortgagee. He was deemed a proper party to the suit of plaintiff because of his pecuniary interest in the cause of action in virtue of being the owner of the mortgaged property. There was community of legal responsibility between the mortgagee and the mortgagor. In Fox v. Cone, 118 Tex. 212, 13 S. W.(2d) 65, the suit was for false arrest and imprisonment by a deputy sheriff brought against the deputy, the sheriff, and the sureties on the sheriff's bond. The deputy could be sued individually, as determined, for the trespass in the same suit against the sheriff and his sureties on official bond because the sheriff and the deputy were in the relation of principal and agent, and the sureties on his official bond would be liable for his deputy's official acts, but the venue of the action would lie in the county where the sheriff and the deputy lived and the trespass was committed.

■ As respects the cross-action of Ed, Sproles, article 2212, R. S., would not warrant the trial in Tarrant county, and the venue in that county would not prevail as against the plea of privilege.

The judgment of the trial court is reversed, and the cause remanded, with instructions to the trial court to order the transfer of the cause, including the cross-action, so far as against the appellant, John Houser, to Wichita county, Tex., for trial. The appellee Juanita Harris and Ed Sproles will be taxed each with one-half the costs of the appeal.