M. K. Rogers et al. v. O. H. Burbridge et al.

No. 296.

**1. Judgment of Dismissal by Request—Right of Appeal.**—Plaintiff sued B., a nonresident, and had attachment levied on land of his in the State. Pending the suit, B. died, and his nonresident heirs were made defendants, and upon motion of one of them the attachment was quashed. on the ground that the death of B. annulled and discharged the attachment bond and lien. Plaintiffs excepted to this order, dismissed the case, and gave notice of appeal. *Held*, that after the attachment was quashed a dismissal of the case was the proper order to be made by the court, and that plaintiffs did not waive their right of appeal by requesting such dismissal.

**2. Action Against Nonresident Heirs.** — An action against the nonresident heirs of B. would be in personam to recover the value of the property they had received from him, and a new attachment would have been necessary, based upon such value.

**3. Attachment Lien not Abated by Death of Defendant.**—After the death of B., plaintiffs filed an amended petition asking that his heirs be made parties defendant, alleging that this was the only debt against his estate; that there was no administration, and no necessity for any; that the parties named therein were the only heirs; and praying for a foreclosure of the attachment acquired prior to B.'s death. *Held*, that the attachment lien was not lost by the death of B., and that under the allegations of the amended petition plaintiffs had a right to proceed with its foreclosure.

**4. Attachment Bond—Attorneys may be Sureties.**—The rule prohibiting attorneys from becoming sureties on certain bonds is directory only, and does not render their acts in violation of it either void or voidable. Following Kohn v. Washer, 69 Texas, 67.

Appeal from Archer. Tried below before Hon. George E. Miller.

*Bomar & Bomar*, for appellants.— 1. The court erred in quashing the attachment. Rev. Stats., art. 159; Goodbar v. Bank, 78 Texas, 461.

2. When a valid writ of attachment is levied on property, the plaintiff has a right to have same foreclosed against the heirs of defendant, who died after institution of suit, where there is no necessity for administration. Rev. Stats., art. 1248; Patterson v. Allen, 50 Texas, 23; McCampbell v. Henderson, 50 Texas, 611; Webster v. Willis. 56 Texas, 469.

3. Where the trial court erroneously rules against the plaintiff, and in consequence thereof he takes a nonsuit and gives notice of appeal, the case should be reversed and remanded and the cause reinstated. Mobley v. Watts, 3 S. E. Rep., 677.

*Robert Kerr*, for appellees.—At common law, an action abates on the death of the defendant and survives only by statute; attachment is a strictly statutory proceeding, and in case of the death of the defendant abates, in the absence of a statutory provision that it should survive.

Wade on Att., sec. 291; 1 Am. and Eng. Encycl. of Law, 933; 5 Am. and Eng. Encycl. of Law, 134.

HEAD, ASSOCIATE JUSTICE.—Appellants filed this suit in 1889, against O. H. Burbridge, to recover a debt of $9396.48, and procured the issuance and levy of an attachment upon 655 acres of land situated in Archer County. Both plaintiffs and defendant were nonresidents of this State, and notice of this suit was served upon Burbridge in the State of Kentucky, in compliance with our statute; but no appearance was entered by him.

Subsequently Burbridge died, and plaintiffs, after suggesting his death to the court, filed an amended petition, alleging this to be the only debt against his estate; that there was no administration, and no necessity for any; that parties therein named were the only heirs; and prayed that they be made parties, and their debt established, and attachment lien, acquired as aforesaid, foreclosed.

After service upon these heirs had been made by publication, the following motion to quash the attachment was filed:

"And now comes O. H. Burbridge by attorneys, and moves the court to quash and set aside the attachment in the above styled and numbered cause, for the following reasons, to-wit:

" 1. Because the said defendant, O. H. Burbridge, the original defendant herein, was a nonresident of the State, and is now dead; that previously to his death he was never served with notice or citation by personal service or publication, nor did he appear either personally or by attorney, nor did he waive service, nor did he come nor was he brought within the jurisdiction of this court in any manner whatsoever, and that said O. H. Burbridge is now dead, and can not be served.

" 2. Because there is no good and sufficient bond herein, as required by law, for the following reasons:

" (1) Because the alleged bond in said cause has no obligee or payee, for the reason that the original payee is now dead.

" (2) Because the said bond is not payable to any of the defendants.

" (3) Because the said bond is not payable to all of the defendants.

" (4) Because the death of the defendant herein discharged the sureties on said bond.

" (5) Because the alleged bond herein is signed both for principals and sureties by counsel only, and the attorneys of record in this cause are the only sureties on said attachment bond, against and in contravention of the rules of this court.

" Wherefore, defendant prays that attachment be quashed.

"HART & KERR,
"Attorneys for O. H. Burbridge."

This motion was sustained by the court, and in the order it is recited, "to which plaintiffs excepted, dismissed the case, and in open court gave notice of appeal to the Supreme Court of Texas." Then follows a final judgment, that plaintiffs take nothing, etc.

This suit having been dismissed by plaintiffs in the court below after the court had vacated their attachment, we have had some difficulty in deciding as to whether or not they can be heard on this appeal to assign errors. to reverse a judgment they had requested the court to render. That they have the right to appeal from the judgment, there seems to be but little question (Railway v. Railway, 68 Texas, 98), and we have also reached the conclusion, that in this case they should be heard to complain of the action of the court in quashing their attachment.

It seems that in the absence of the attachment lien plaintiffs' cause.of action against the heirs of Burbridge, upon the death of their ancestor, would have been in personam to recover the value of the property they had received (Mayes v. Jones, 62 Texas, 365; Low, Administrator, v. Felton, 84 Texas, 378); and as all the parties were nonresidents, and the defendants had not appeared, the suit could not have been longer maintained without the issuance of a new attachment based upon such value. York v. The State, 73 Texas, 651.

The only proper judgment then for the court to have rendered upon quashing the attachment, would have been to have dismissed the case of its own motion for want of jurisdiction; and we do not believe plaintiffs should be placed in a worse attitude than they would have occupied had this been done, by reason of their request to the court to take this course. Had they subsequently moved the court to reinstate the suit and attachment, there would be no doubt of their right to assign error to its refusal to do so. Lockett v. Railway, 78 Texas, 211; Easterling v. Blythe, 7 Texas, 210; Cotton v. Lyter, 81 Texas, 10.

As to whether an attachment abates and its lien is lost by the death of the debtor after the levy of the writ and before the rendition of judgment, is a question about which there is much conflict of authority, each case depending to a great extent upon the statutes of the particular State in which rendered. A discussion of this question will be found in 1 Wade on Attachment, section 291; also in 1 American and English Encyclopœdia of Law, 933, and 5 ib., 134; also, see Graham v. Boynton, 35 Texas, 712.

Under our statutes, we believe there can be but little difficulty in concluding that the attachment lien is not lost under such circumstances. Article 179 of our Revised Statutes provides: "The execution of the writ of attachment upon any property of the defendant subject thereto, unless the writ should be quashed or otherwise vacated, shall create a lien from the date of such levy on the real estate levied on," etc. Article 1248 provides, that a pending suit shall not abate upon the death of

the defendant, and for making his legal representatives parties. Our probate laws recognize the validity of subsisting liens, and make ample provision for their enforcement, subject only to certain preferred claims; and we can see no reason why a specific lien of this kind should be lost by death in this State, while others of no higher dignity are preserved.

That the levy of an attachment upon real estate operated as a lien thereon in favor of the attaching creditor, had been thoroughly settled by numerous decisions of our Supreme Court, even before the adoption of our Revised Statutes. Tuttle v. Turner, 28 Texas, 759; Hancock v. Henderson, 45 Texas, 479; Wallace v. Bogel, 66 Texas, 572. Should administration be granted upon the estate, we see no difficulty in enforcing this lien through the Probate Court, in the same manner that contract liens would be required to be enforced under the same circumstances. Robertson v. Paul, 16 Texas, 472.

If, however, appellants' lien was not lost by the death of their debtor after the levy of the attachment, we see no reason why, under the allegations of their amended petition, they should not be allowed to proceed with its foreclosure in the present suit against the heirs, without having an administrator appointed. Their allegations seem clear and specific, that this is the only debt, and the only relief they seek is the subjection of the land to their lien for its payment, and we think this makes a clear case, under our decisions, for dispensing with administration. Solomon v. Skinner, 82 Texas, 345; Patterson v. Allen, 50 Texas, 23.

If we are correct in the foregoing conclusions, the other grounds of the motion are manifestly not well taken. What we have said would dispose of the objections to the bond on the ground that it is payable to the original, instead of the present, defendant; and it is no longer an open question, that our rule which prohibits attorneys from becoming sureties on such bonds without leave of the court, is only directory, and does not have the effect of rendering their acts in violation of it either void or voidable. Kohn v. Washer & August, 69 Texas, 67.

We conclude that the judgment of the District Court should be reversed and the cause remanded, with instructions to reinstate the case upon its docket, and proceed with its final disposition in accordance with this opinion.

*Reversed and remanded.*

Delivered November 29, 1893.