L. B. WEINMAN v. CHARLES F. SPENCER.

Decided December 11, 1909.

**1.—Appeal for Delay—Advancement of Cause—Rules 42 and 43.**

Where an appellant fails to file a brief in the Court of Civil Appeals, and the appellee suggests that the appeal was for delay only, the Appellate Court will advance the case and consider the record upon the brief of appellee alone, as provided and required by rules 42 and 43 for the Courts of Civil Appeals.

**2.—Same—Affirmance with Damages.**

Record upon appeal considered, and held to show a "plain case of delay" and to require an affirmance of the judgment with damages.

Appeal from the County Court of Tarrant County. Tried below before Hon. Chas. T. Prewitt.

*Bryan & Spoonts,* for appellant.

*A. J. Clendenen,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an action by Charles F. Spencer against L. B. Weinman to recover a balance of one hundred and fifty dollars alleged to be due as a broker's commission in effecting a purchase of real estate. There was a judgment in favor of the plaintiff for the amount sued for and the defendant has appealed.

The cause has been advanced upon a suggestion of delay made by the appellee and has been considered upon the appellee's brief alone, since the appellant has failed to file briefs. This proceeding is authorized by Rules 42 and 43 for the Courts of Civil Appeals. Rule 42 provides that when the "appellant or plaintiff in error has failed to prepare the case for submission, by the omission of what is required after bond or affidavit filed for appeal and for writ of error with citation served, the appellee or defendant in error, before the call of the case, may file in the Appellate Court a brief in the manner required of the appellant or plaintiff in error—except that his propositions will be shaped so as to show the correctness of the judgment—which the court may, in its discretion, regard as a correct presentation of the case, without examining the record further than to see that the judgment is one that can be affirmed upon the view of the case as presented by appellee or defendant in error." Rule 43 authorizes the submission of such a case upon a suggestion of delay whereupon "the record will be examined sufficiently to ascertain that it is or is not properly a delay case, and if found to be a plain case of delay, it will be acted on as such; but if not, it will be reversed or referred back for a brief, or brief and argument, on one or both sides, as may be directed." This rule further provides in a case like the present "the court will be required to look only to the substantial merits as they may appear in the record."

Only two assignments of error were filed by appellant and they are thus presented in appellee's brief: "The court erred in the first paragraph of his charge to the jury." "The court erred in not granting

the defendant a new trial and in overruling defendant's motion for a new trial because of the newly discovered evidence of Frank Singleton." Appellee's proposition under the first assignment of error is, "The charge of the court submitted in appropriate language the only issue in the case and was in all respects correct." The charge complained of was as follows: "You are instructed that if you believe from the evidence that the defendant Weinman agreed to pay plaintiff three hundred dollars, you will find for the plaintiff, Charles F. Spencer, for the sum of one hundred and fifty dollars with interest at the rate of six percent per annum from the 19th day of January, 1908; unless you so believe you will find for the defendant." The following special charge was also given at the request of appellant: "You are instructed that if you believe Spencer agreed to take one hundred and fifty dollars commission on the trade and that thereafter the trade was made you will find for defendant." The undisputed evidence showed that the sum of one hundred and fifty dollars had been paid by Weinman to Spencer on account of this transaction, and the sole issue was whether or not there was a balance due of one hundred and fifty dollars. We see no possible error in the court's presentation of this issue and the first assignment is therefore overruled.

As to the second assignment of error, an examination of the motion for a new trial discloses that the affidavit of the proposed witness Frank Singleton corroborative of the statements of appellant in the motion as to what such witnesses's testimony would be, is not attached to the motion nor is its absence accounted for, although the witness is shown to be an employe in the office of appellant and the affidavit could easily have been obtained. We think this within itself justified the trial court in exercising his discretion against granting the motion, if there were no other reasons.

We have further examined the record to see if the "substantial merits" of the case have been reached as required by Rule 43 above cited, and are fully satisfied that it is a "plain case of delay" and should be acted on as such. The judgment of the County Court is therefore affirmed, together with ten percent on the amount in dispute as damages as provided by law. Sayles' Texas Civil Statutes, article 1024.

*Affirmed with damages.*