RECORD CO. v. POPPLEWELL.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 8, 1913.)

APPEAL AND ERROR (§ 773*)—DISPOSITION—AFFIRMANCE—RULE OF COURT.

Rule 42 for Courts of Civil Appeals (142 S. W. xiv) provides that, where appellant files no briefs, appellee, before the call of the case, may file a brief as required of appellant, shaping his proposition so as to show the correctness of the judgment, which the court may regard as a correct presentation of the case, without examining the record further than to see that the judgment is one that can be affirmed upon the case as presented by appellee. Plaintiff sued a newspaper to recover $400 damages for the wrongful deprivation of a paper route, which suit was consolidated with one by defendant for $125 for papers furnished, the real contention being whether defendant was bound to furnish papers at a price named in a contract with the carrier whom plaintiff succeeded, and, on charges within the pleadings, a verdict such as a jury was authorized to find was returned for plaintiff, and for defendant for $62.50, and defendant appealed but filed no briefs. Held, on plaintiff's brief under the rule, that under its express terms judgment would be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

Appeal from Tarrant County Court; Chas. T. Prewitt, Judge.

Action by J. M. Popplewell, Jr., against the Record Company, with counterclaim by defendant. Judgment for plaintiff on his claim and for defendant as to part of its claim, and defendant appeals. Affirmed.

Bryan & Spoonts, of Ft. Worth, for appellant. J. W. Stitt, of Ft. Worth, for appellee.

SPEER, J. J. M. Popplewell, Jr., instituted a suit against the Record Company, a corporation publishing a daily newspaper in Ft. Worth, to recover the sum of $400 damages for wrongfully having deprived him of a paper route in the city of Ft. Worth, and the suit was consolidated with one instituted by the Record Company against Popplewell in the justice court and appealed to the county court to recover $125 balance due for papers furnished him. Popplewell had judgment on his claim for $370, and the Record Company recovered judgment on its claim for $62.50, and the latter has appealed.

Appellant has filed no briefs in the case, and we would therefore dismiss the appeal for want of prosecution but for the fact that appellee has filed his brief under rule 42 (142 S. W. xiv), in which he prays that the judgment be affirmed. The trial judge thus presented the case to the jury: "In this case you are instructed that if you believe from the evidence that defendant failed to furnish plaintiff with papers according to the contract entered into between plaintiff and defendant, thereby causing plaintiff to lose the use and benefits of said route, then you will find for the plaintiff for the reasonable market value, if any, of said route at the time plaintiff lost said route, with 6 per cent. interest from March 25, 1912, and, unless you find that the defendant failed to furnish said papers according to the terms of said contract, you will find for the defendant as to plaintiff's cause of action. As to defendant's cause of action, gentlemen of the jury, you are instructed that, if you believe from the evidence that defendant in said cause, Popplewell, received the papers sued for in said cause under the original contract, then you will find for the Record Company against the said Popplewell for such amount, if any, as you may find that the said Popplewell owes the Record for said papers, and, unless you find that said papers were received by the said Popplewell under the original contract, you will find for the said Popplewell as to the Record's cause of action."

The real dispute between the parties arose over the contention that the Record was under obligation to furnish to Popplewell papers at a price named in a prior contract with another carrier whose route Popplewell had purchased. Popplewell admitted an indebtedness of $62.50 which was in accordance with the price fixed in such original contract, and it appears from the verdict that the jury held with his contention that the papers were furnished under that contract. The charges quoted appear to be within the pleadings and evidence, and the verdict returned is such a one as the jury were authorized to find. We think the "judgment is one that can be affirmed upon the view of the case as presented by appellee," in accordance with rule 42, and it is accordingly ordered that such judgment be affirmed.

Affirmed.