GRIFFIN v. J. W. & J. R. BRYAN.
(No. 959.)

(Court of Civil Appeals of Texas. El Paso. April 10, 1919.)

PLEADING ⬅111—PLEA OF PRIVILEGE—DETERMINATION.

Defendant's plea of privilege to be sued in county of his residence, where no controverting plea was filed, and no evidence offered to bring action within the purview of Rev. St. 1911, art. 1830, subd. 7, relating to venue in actions for fraud, should have been sustained, in view of Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), making plea of privilege prima facie proof of right to change of venue.

Appeal from Young County Court; W. P. Stinson, Judge.

Suit by J. W. & J. R. Bryan against W. T. Griffin. Defendant's plea of privilege overruled, and defendant appeals. Reversed and remanded, with instructions.

Arnold & Arnold, of Graham, for appellant.

Marshall & King, of Graham, for appellees.

HIGGINS, J. On February 21, 1918, appellees filed this suit in the county court of Young county against appellant. The suit was to recover the sum of $66.25 rent on a certain tract of land in Young county owned by appellees, which it was alleged had been wrongfully collected by appellant from the tenant; also to recover the sum of $180 damages alleged to have been sustained through the conversion by appellant of certain personal property on the land. Appellant filed a plea of privilege, asserting in proper manner his right to be sued in Hill county, where he resided. Appellees filed no controverting plea.

Upon hearing of the plea it was admitted that the plea of privilege was good, unless defeated by subdivision 7, art. 1830, R. S. The statement of facts does not disclose that any evidence whatever was offered to show the existence of facts bringing the case within the purview of said subdivision. Under the provisions of chapter 176, Acts 35th Legislature, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), appellant's plea of privilege was prima facie proof of his right to a change of venue. Appellees having failed to controvert the plea, and having also failed to

adduce any evidence to defeat the same, it follows that the plea should have been sustained. Morrison v. Richards, 207 S. W. 205.

Reversed and remanded, with instructions to the court below to transfer the case to the county court of Hill county.