**HARE et al. v. MARSHALL. (No. 622.)**

(Court of Civil Appeals of Texas. Beaumont. Dec. 1920.)

1. Judgment ⬯949(5)—Petition not insufficient, where it alleged that prior judgment referred to did not cover the same land.

A petition in trespass to try title, alleging the recovery by defendant of a default judgment against plaintiffs in a suit to try title to land having the same lot and block numbers but in a different town, was not insufficient, where it was expressly alleged that the property involved was not the same as that involved in the prior suit.

2. Judgment ⬯460(3)—Count attacking default judgment, but not alleging facts excusing default, was insufficient.

A count in trespass to try title attacking a default judgment rendered in a prior suit by defendant against plaintiffs was insufficient, where, assuming that it showed a meritorious defense, it alleged no facts excusing plaintiffs from presenting the defense in the prior suit.

Appeal from District Court, Liberty County; J. L. Manry, Judge.

Action by Will Hare and another against L. P. Marshall. From a judgment for defendant on demurrer, plaintiffs appeal. Affirmed in part, and reversed and remanded in part.

Howth & Adams, of Beaumont, for appellants.

A. W. Marshall, of Anahuac, for appellee.

WALKER, J. This was a suit in trespass to try title by appellants against appellee, and involved lot 2 in block 22 in the town of Liberty, Liberty county, Tex. Appellants made the usual allegations in trespass to try title, and further alleged:

"Plaintiffs further show that on the 3d day of April, 1918, the plaintiffs, Will Hare and Bell Jenkins, were served with citation in cause 204 in the district court of Liberty county, Tex., styled L. P. Marshall v. Will Hare et al., and that said suit was an action of trespass to try title to the following land in Liberty county, Tex., and being lot No. 2 in block No. 22 of the town of Dayton on the west side of the Trinity river. Plaintiffs are informed and believe, and so charge the fact to be, that defendant therein claimed, and is now claiming, that said description and the land covered thereby was and is the same as herein sued for by plaintiffs; but plaintiffs allege that both the description and the land covered and referred to thereby is entirely different from the land for which plaintiffs are herein suing. Thereafter, to wit, on the 9th day of May, 1918, the said defendant, then plaintiff in said suit, took a default judgment against plaintiffs for the land described in this paragraph; and he is now claiming and pretending that such description and the land is the same as that for which plaintiffs are suing; but plaintiffs represent and show to the court that the descriptions are entirely different, and that the parcel or tract of land, if any, covered by said description, is entirely different."

Appellants attack the judgment thus described in their petition by alleging facts which they claim would have defeated the plaintiff in that suit if they had presented them to the court, but they plead no reason or excuse for failing to present their defense and for permitting a judgment by default to be entered against them. Appellants concluded their petition with the following prayer:

"Wherefore, the defendant already having been cited to appear and answer, plaintiffs pray that, upon final hearing hereof, the said judgment, if it be found to cover or affect the land sued for herein, be set aside and the said deed upon which it is based, if it was so based and predicated, be canceled, and that the plaintiffs have judgment for the land and premises herein sued for, for their damages, for costs of court, and for other general and special relief in law or equity, to which they may be entitled."

The trial court sustained appellee's general demurrer to this petition, and from this ruling this appeal was duly prosecuted to this court.

[1, 2] The trial court was in error in sustaining the general demurrer to the allegations in trespass to try title to lot 2 in block 22 in the town of Liberty, Liberty county, Tex. By express allegations appellants stated that the property involved in this suit was not the same property as that involved in cause No. 204, L. P. Marshall v. Will Hare et al., on the docket of the district court of Liberty county. But the demurrer was properly sustained to the alternative count attacking the judgment rendered in said cause No. 204. To attack successfully a judgment by default duly entered against him after citation, defendant must not only show a meritorious defense to plaintiff's cause of action, but he must also show that he was prevented from presenting his defense by facts and circumstances not involving negligence on his part. Pearson v. Lloyd, 214 S. W. 763; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Edwards v. Dennington, 161 S. W. 930; Wheat v. Improvement Dist., 217 S. W. 714; El Paso Ry. Co. v. Kelly, 83 S. W. 855.

If we concede that appellants have stated a meritorious defense to the cause of action in said cause No. 204, yet this count was fatally defective, because no facts are pleaded excusing them from presenting this defense. As touching this allegation, the judgment of the trial court is affirmed, and no further inquiry will be made into the title and possession of lot 2 in block 22 in the town of Dayton, Liberty county, Tex., but this cause is reversed and remanded for the purpose of trying the issues raised by appellants' allegations in trespass to try title to lot 2 in block 22 in the town of Liberty.

Affirmed in part, and in part reversed and remanded.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes