**LUNDY v. LITTLE et al.     (No. 1748.)**

(Court of Civil Appeals of Texas. Amarillo. Feb. 2, 1921.)

I. Pleading ⬤⟹422—Failure to except waiver of objection to nonverification.

Defendant's failure to except on the ground that the original petition was not verified is a waiver of the objection.

2. Attachment ⬤⟹133—In absence of evidence, sureties will be presumed sufficient.

Where the sufficiency of sureties on an attachment bond is attacked, it will be presumed that they are sufficient, in absence of evidence.

3. Attachment ⬤⟹138—Objection to sufficiency of sureties must be raised by plea in abatement.

Objection to the sufficiency of sureties on an attachment bond on ground they were nonresidents cannot be taken on a motion to quash, but must be taken by plea in abatement.

4. Attorney and client ⬤⟹17—Attachment bond valid, though signed by attorney.

As the rule prohibiting attorneys from becoming sureties without leave of court is only directory, an attachment bond, signed by an attorney, is not void or voidable.

5. Attachment ⬤⟹101 — Affidavit, describing affiant as one of the plaintiff partners, sufficient.

An attachment affidavit, signed by a member of the plaintiff firm, which merely re-

cited that he was a member of the firm, is sufficient; the affidavit on its face showing his authority to make the oath.

6. Attachment ⬤⟹90—Attorney who is notary may take his client's affidavit.

However improper it may be, an attorney who is a notary may swear his client to an affidavit for an attachment.

7. Costs ⬤⟹260(4)—Appeal held one for delay, no assignment briefed dealing with matters raised below.

Where no evidence was brought up in the record, although the judgment was rendered on evidence, and no assignment was briefed on a ground upon which the trial court had been called upon to act, the appeal will be deemed one for delay only, and 10 per cent. damages in accordance with Rev. St. art. 1629, will be awarded respondent.

8. Costs ⬤⟹262—In determining whether appeal is for delay, whole record should be looked to.

In determining whether an appeal is one for delay only, the whole record should be looked to.

Appeal from Hansford County Court; A. E. Townsend, Judge.

Action by C. D. Little and C. E. Speyers, a partnership doing business under the firm name of Little & Speyers, against Fred N. Lundy. From a judgment for plaintiffs, defendant appeals. Affirmed.

Fred Hill, of Spearman, for appellant.

R. T. Correll, of Perryton, and F. P. Works, of Amarillo, for appellees.

HUFF, C. J. C. D. Little and C. E. Speyers, a partnership, under the firm name of Little & Speyers, sued Fred N. Lundy, on four checks, given by appellant, aggregating the sum of $400.13, together with protest fees on two of the checks, $9.18. The appelles alleged they were the owners and holders of the checks in due course of trade, and that the checks were presented to the bank upon which they were drawn for payment in due course of banking, and were refused payment, and the amount charged back to the plaintiff's account by the forwarding banks. The appellee answered only by exceptions to the petition. A writ of attachment was sued out and issued upon affidavit and bond therefor. The writ was levied on certain personal property. Upon hearing judgment was entered for the amount sued for, with foreclosure of the attachment lien, and upon the replevy bond executed by appellant under the statute.

[1] The first assignment is that the original petition was not verified. Under our statutes at this time this was not required, and in fact there was no exception to that effect presented to the trial court or acted upon by him. This had the effect of waiving

the necessity of verification if it had been required.

[2, 3] The second assignment is that the cost bond was insufficient and irregular, since none of the signers are residents of the county where the suit was filed, and that one of the signers, R. L. Correll, is attorney for the plaintiffs. We find no cost bond in the record as such. This, however, would not render the judgment for the amount sued for invalid. It would make no difference whether a cost bond was executed or not, unless one had been demanded in the court below and refused by the plaintiff. We presume, however, appellant refers to the attachment bond. There is nothing on the face of the bond to show that the sureties were nonresidents or an attorney. There was no proof aliunde the bond that such was the fact. It is the rule in this state, where the sufficiency of the sureties is attacked, if there is no testimony aliunde the bond, their sufficiency will be presumed. This defect cannot be taken upon motion to quash, but must be by a plea in abatement. City Nat. Bank v. Cupp, 59 Tex. 270; Caldwell v. Lamkin, 12 Tex. Civ. App. 29, 33 S. W. 316.

[4] An attachment bond signed by an attorney does not render the bond void or voidable, as our rule which prohibits attorneys from becoming sureties without leave of the court is only directory. Kohn v. Washer, 69 Tex. 67, 6 S. W. 551, 5 Am. St. Rep. 28; Rogers v. Burbridge, 5 Tex. Civ. App. 67, 24 S. W. 300. There was no motion made in the court below to quash the attachment on the specific ground assigned in this court, much less a plea in abatement.

[5, 6] The third assignment assails the affidavit on the ground that it was signed by Little only without referring to him as a member of the firm, or in any way showing his authority to make the affidavit; and, further, that the affidavit was acknowledged (sworn to before) by R. L. Correll, a notary public. Since Correll was attorney for the plaintiffs, the acknowledgment was irregular. The affidavit for the attachment describes Little as one of the plaintiffs in attachment, and a member of the firm of Little & Speyers, a partnership. It is sufficient to describe Little as one of the plaintiffs (a partnership) suing without swearing that he is one. The affidavit, on its face, shows authority of the affiant to make the oath. Evans v. Lawson, 64 Tex. 199. The attorney, who is a notary public, may swear his client to the affidavit for attachment, however improper it may be. Kosminsky v. Raymond, 20 Tex. Civ. App. 702, 51 S. W. 51.

[7, 8] None of the grounds assigned were made in the motion to quash in the trial. The exceptions to the petition were not made in the county court or any record showing that they were acted upon in that court.

These assignments are noticed because the appellee asked for an affirmance with damages for delay. This calls in question the entire record. There is no evidence brought up in the record, but the judgment shows it was rendered upon evidence. We can see no reasonable ground for this appeal, unless it be for delay. There is no assignment briefed on a ground upon which the trial court was called upon to act. It is very questionable whether the assignments filed can be considered as a brief, and we believe we should allow 10 per cent. damages for delay. Article 1629, R. C. S.; Weinman v. Spencer, 58 Tex. Civ. App. 244, 124 S. W. 209.

The judgment will therefore be affirmed, with 10 per cent. damages for delay.

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes