REECE v. LANGLEY. (No. 9562.)

(Court of Civil Appeals of Texas. Fort Worth. April 2, 1921.)

**1. Appeal and error ⟨key⟩768—Appellee's brief on appeal conclusive where no brief is filed by appellant.**

Under rule 42 governing Courts of Civil Appeals (142 S. S. xiv), providing that, when appellant or plaintiff in error fails to prepare a cause for submission, appellee may file a brief in the manner required of appellant, except shaping proposition to show correctness of judgment, appellee's brief must be accepted as correct presentation of case without examining record further.

**2. Justices of the peace ⟨key⟩61—Plaintiff has burden of sustaining controverting affidavit to plea of privilege.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, as amended by Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), providing that plea of privilege · shall be a prima facie showing unless controverting affidavits are filed, the burden is on plaintiff to sustain his controverting affidavits.

**3. Justices of the peace ⟨key⟩72—Plaintiff held not to show that he performed "labor" giving him right to resist plea of privilege.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2308 as amended by Acts 35th Leg. (1917) c. 124 (Vernon's Ann. Civ. St. Supp. 1918, art. 2308, cl. 4), providing that actions in justice courts for labor performed may be brought at place of performance, where a plaintiff threshed several hundred bushels of grain for defendant during threshing season at stipulated sum per bushel and owned the threshing machine and employed laborers, he could not resist plea of privilege (citing Words and Phrases, Second Series, "Labor").

Appeal from Denton County Court; E. I. Key, Judge.

Suit by J. T. Reece against W. G. Langley in the justice court, which suit was appealed to the county court, and from a judgment or order therein, the plaintiff appeals. Affirmed.

S. H. Hoskins, of Denton, for appellant.

Sullivan, Speer & Minor, of Denton, for appellee.

CONNER, C. J. [1, 2] The question presented in this case is whether the court properly sustained appellee's plea of privilege to be sued in the precinct of his residence in Dallas county. No briefs have been filed in behalf of appellant, but appellee has filed briefs. In rule 42 promulgated for the government of Courts of Civil Appeals with a view of conserving their time (142 S. W. xiv) it is provided that, when an appellant or plaintiff in error has failed to prepare a cause for submission as required by the rules, appellee may file in the appellate court a brief in the manner required of appellant, "except that his propositions will be shaped so as to show the correctness of judgment, which the court may, in its discretion, regard as a correct presentation of the case, without examining the record further than to see that the judgment is one that can be affirmed upon the view of the case as presented by appellee or defendant in error." In enforcing this rule, the courts have very generally, we think, in cases coming within their jurisdiction, accepted appellee's brief as a correct presentation of the case without examining the record further than to see that the judgment is one that can be affirmed upon the view of the case as presented by appellee. Weinman v. Spencer, 58 Tex. Civ. App. 244, 124 S. W. 209; Baggett v. Riley, 146 S. W. 304; Shuttlesworth v. Armour, 168 S. W. 439; Record Co. v. Popplewell, 161 S. W. 930.

In appellee's brief the case is stated as one wherein appellant, J. T. Reece, sued upon an account in the justice court for threshing grain at a stipulated sum per bushel. Appellee is a resident of precinct No. 1 of Dallas county, and owns a farm in Denton county, where the grain was threshed. Appellee's plea of privilege to be sued in Dallas county was duly presented and answered by appellant's controverting affidavit to the effect that the suit was "for labor actually performed," within the meaning of Vernon's Sayles' Civil Statutes, art. 2308, as amended by the Thirty-Fifth Legislature by chapter 124 of act approved March 29, 1917. See V. Stats. 1918 Supp. vol. 1, art. 2308, cl. 4.

The burden was upon appellant to sustain his controverting affidavit. A failure to do so required a judgment by the court in favor of the plea of privilege. See V. S. Tex. Civ. Stats. art. 1903, as amended by the Thirty-Fifth Legislature on April 2, 1917. See General Laws 1917, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903); Ray v. W. W. Kimball Co., 207 S. W. 351.

The plea and controverting affidavit was tried by the court below, and appellee thus presents the court's findings:

"The court found as a matter of fact that the appellant threshed several hundred bushels of grain for the appellee during the threshing season of 1919, at a stipulated sum per bushel; that the appellant was the owner and operator of a threshing machine and employed laborers to assist in operating said machine, for which he paid them a certain sum per day, appellant's compensation consisting of the profit he would make out of a particular contract after the payment of all expenses for labor employed for the purpose of carrying out such contract; that all laborers so employed by the appellant were paid their wages by appellant at the time such labor was performed."

[3] Upon the state of facts so found, we cannot say that the court erred in his conclusion of law to the effect that appellant failed to bring himself within the purview of the particular statute urged by him. See Words and Phrases, Second Series, p. 1320, defining the term "Labor." See, also, Johnston v. Barrills, 27 Or. 251, 41 Pac. 656, 50 Am. St. Rep. 717; Weymouth v. Sanborn, 43 N. H. 171, 80 Am. Dec. 144; Cox v. New Bern Lighting & Fuel Co., 152 N. C. 164, 67 S. E. 477; Railway Co. v. Read Bros., 140 S. W. 111.

We conclude that, as the case has been presented by appellee, the judgment must be affirmed.