COTTON STATES PETROLEUM CO. et al.
v. BRITTON et ux. (No. 1223.)

(Court of Civil Appeals of Texas. El Paso. April 28, 1921.)

**1. Venue ⟨⟩29—Association suable in county in which it had agent.**

Where an unincorporated common-law association has an agent and representative in a certain county, it is not entitled to be sued in another county wherein its headquarters are located, in view of Rev. St. 1911, art. 1830, subd. 24.

**2. Venue ⟨⟩26—Nonresident members of association not suable in county of association's agency.**

In an action against an unincorporated common-law association and its trustees and members for breach of its bond not specifying the place of payment, where it appeared that the association and some of the individuals were nonresidents of the county wherein it was sued, suit could not be maintained against the individual nonresident defendants under Rev. St. 1911, art. 1830, subd. 4, notwithstanding that the company was suable in such county by virtue of having an agent therein.

**3. Venue ⟨⟩22(3) — Unnecessary joinder of resident insufficient to confer jurisdiction over nonresidents.**

In an action against an unincorporated association and its members, suit cannot be maintained against them in the county of the residence of one of them under Rev. St. 1911, art. 1830, subd. 4, where he is neither a necessary nor a proper party.

**4. Venue ⟨⟩68—Plea of privilege prima facie evidence of right to change.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, a defendant's plea of privilege is prima facie proof of his right to a change of venue, and the burden is on plaintiffs to show that the venue is rightly laid.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by G. S. Britton and wife against the Cotton States Petroleum Company and others. From an order overruling pleas of privilege, defendants appeal. Reversed and remanded, with instructions.

Spence, Haven & Smithdeal, of Dallas, and Hickman & Morrow, of Dublin, for appellants.

J. A. Johnson and Chandler & Pannill, all of Stephenville, for appellees.

HIGGINS, J. The appellants appeal from an order overruling pleas of privilege filed by them, claiming the right to be sued in Dallas county.

The suit was brought in the district court of Erath county against the Cotton States Petroleum Company (which will be hereinafter designated as the company), M. H. Thomas, F. D. Thomas, F. H. Blankinship, S. F. Cade and Joe Thomas.

It was alleged that the company was an unincorporated common-law association, and that M. H. Thomas, F. D. Thomas, and Blankinship were its trustees and members of the association and stockholders therein, and that Cade and Joe Thomas were likewise stockholders and members of the association. The suit was to recover of the defendants' jointly and severally the sum of $20,000 for the breach of a bond given by the company as principal, with M. H. Thomas, F. H. Thomas, and Cade as sureties. The bond in question was in the sum of $20,000, and conditioned that the company would prosecute to completion at the earliest practicable date an oil and gas well on certain land in Eastland county owned by G. S. Britton. The bond did not specify the place of payment. Its breach was set up. The petition did not undertake to specify the terms or conditions of the articles of the company, but it was averred that the company and the individual defendants, as stockholders and members thereof, were liable to the plaintiffs as partners.

Pleas of privilege were filed by each of the defendants except Joe Thomas. The pleas of the individuals set up that they were residents of Dallas county, and the plea of the company set up that its residence and that of its trustees was in Dallas county. Plaintiffs filed a controverting affidavit to the pleas of the company, M. H. Thomas, F. D. Thomas, and F. H. Blankinship. The record does not disclose any controverting affidavit to Cade's plea.

[1] The assignments of the company are all overruled because the evidence is sufficient to support a finding that it had an agent and representative in Erath county. Article 1830, R. S. subd. 24.

[2] Passing now to the assignments presented by M. H. Thomas, F. D. Thomas, Blank-

inship, and Cade, the evidence does not show that the principal office or place of business of the company is in Erath county. It is shown that its headquarters are in Dallas county, and that its trustees reside in that county. We think the evidence insufficient to support a finding that it is a resident of Erath county. This being true, the suit cannot be maintained in Erath county against these individual appellants under subd. 4, art. 1830, even if the company was suable there by virtue of the fact that it had an agent in that county. Railway Co. v. McKnight, 99 Tex. 289, 89 S. W. 755.

[3] The only ground upon which they could be sued there would be by virtue of the residence in that county of the defendant Joe Thomas. Article 1830, subd. 4. But if Joe Thomas was neither a necessary nor proper party his joinder in the suit would not confer jurisdiction over the persons of these nonresident defendants. Railway Co. v. Mangum, 68 Tex. 342, 4 S. W. 617. Whether he was such a party depends upon whether he and these individual defendants were jointly liable upon the obligation of the company herein sued upon. Railway Co. v. Mangum, supra. The theory of the appellee is that the association constituted a partnership rendering all of the partners liable upon the obligation of the company. It may be conceded that there is sufficient evidence to support a finding that Joe Thomas was a member of the association.

[4] Under article 1903, Vernon's Sayles' Statutes, Cade's plea of privilege was prima facie proof of his right to a change of venue, and the burden rested upon the plaintiffs of proving the facts upon which they relied as fixing the venue in Erath county. There is no evidence that Cade was a member of the company, and in the absence of such proof certainly no partnership relation between Joe Thomas and Cade is shown. For this reason alone Joe Thomas was not shown to be jointly liable with Cade. It is shown by the articles of association of the company, designated as a "Declaration of Trust," that Blankinship, M. H. and F. D. Thomas, are the trustees of the company. This instrument declares:

"That said trustees shall hold all of the funds and property real and personal (hereinafter called the trust fund) now or hereafter held by, or paid to, or transferred or conveyed to them, or their successors, or trustees hereunder in trust for the purpose, with the powers and subject to the limitation hereinafter declared for the benefit of the cestuis que trustent and it is hereby expressly declared that a trust and not a partnership is hereby created that neither the trustees nor the cestuis que trustent, shall ever be personally liable hereunder as partners or otherwise but that for all debts the trustees shall be liable as such to the extent of the trust fund only."

The instrument is lengthy, and we find nothing upon its face to show that a partnership exists between the trustees and the beneficiaries. It may be that extraneous evidence might be adduced which would show a partnership relation and liability, but there is nothing in this record bearing upon the question except the declaration of trust, and this upon its face is insufficient for that purpose. Fink v. Brown (Com. App.) 215 S. W. 846.

We are therefore of the opinion that no joint liability is shown between Joe Thomas and his codefendants, Cade, Blankinship, M. H. and F. D. Thomas, upon the partnership theory. So under the Mangum Case their pleas of privilege were well taken.

For the reasons indicated their pleas of privilege should have been sustained. And the sustaining of their pleas would necessitate changing the venue as to all parties. Garrison v. Stokes, 151 S. W. 898; Luter v. Ihnken, 143 S. W. 675.

There is another reason why the plea of Cade should have been sustained. It is not assigned, but is an error in law apparent upon the face of the record. As noted above, the plaintiffs did not controvert the plea of Cade. The plea of Cade was prima facie proof of his right to change the venue, and it was error to overrule same, in the absence of a controverting affidavit and supporting evidence. Article 1903, Vernon's Sayles' Statutes.

Reversed and remanded, with instructions to change the venue to Dallas county.