### THWEATT v. WICHITA COUNTY LUMBER CO. (No. 9722.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 21, 1922.)

**Appeal and error ⬤⟲773(4)—Judgment affirmed when authorized by appellee's brief, none being filed by appellant.**

Under rule 42 for Courts of Civil Appeals (142 S. W. xiv), where appellant files no brief, and the propositions and statements in appellee's brief and the quotations from the statement of facts authorizes an affirmance, the judgment will be affirmed.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by the Wichita County Lumber Company against J. D. Thweatt. Judgment for plaintiff, and defendant appeals. Affirmed.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellant.

Bonner, Bonner & Sanford, of Wichita Falls, for appellee.

BUCK, J. The Wichita County Lumber Company sued Ed Harrison and J. D. Thweatt, alleged to be doing business under the firm name of Harrison & Thweatt, for a bill of lumber alleged to have been bought by the defendants, amounting to $2,781.67. Plaintiff also alleged a materialman's lien against certain described land, and sought a foreclosure. Harrison and Thweatt both filed a plea of privilege, to be sued in Dallas county, and plaintiff filed a controverting affidavit. The court overruled said plea. Harrison then filed a motion to quash the citation as to him, which motion was sustained, and plaintiff took a nonsuit as to Harrison, and the case was prosecuted to judgment against Thweatt individually, and from a judgment in the amount sued for, with 6 per cent. interest, with a foreclosure of the materialman's lien, Thweatt has appealed.

Appellant has not filed a brief in this court, but appellee has done so, under rule 42 (142 S. W. xiv) promulgated by the Supreme Court for the government of Courts of Civil Appeals, and has framed its propositions so as to authorize us to affirm the judgment below. Under the statements in appellee's brief and the quotations from the statement of facts, it becomes our duty to affirm the judgment below, which is accordingly done. Reece v. Langley (Tex. Civ. App.) 230 S. W. 509.