## P. B. BROACH & SON v. W. L. ELLIS & CO. et al. (No. 2513.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 16, 1925.)

1. **Pleading ⟷111—Court required to transfer case to county of defendants' residence on filing of plea of privilege, in absence of controverting affidavit.**

In absence of controverting affidavit, under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, trial court has but one duty to perform on filing of plea of privilege, and that is to transfer case to county of defendants' residence.

2. **Appeal and error ⟷675—Reviewing tribunal unable to determine whether trial court erred in sustaining plea of privilege, in absence of controverting affidavit.**

Trial court's order sustaining plea of privilege, under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, reciting that hearing was had on plea and controverting affidavit *held* not sufficient to enable appellate court, without more, to pass on sufficiency of controverting affidavit, and determine whether court erred in sustaining plea of privilege.

Appeal from District Court, Knox County; J. H. Milam, Judge.

Suit by P. B. Broach & Son against W. L. Ellis & Co. and others. From an order sustaining defendants' plea of privilege, plaintiffs appeal. Affirmed.

J. S. Kendall, of Munday, for appellants.

Will J. Scott and E. M. Davis, both of Brownwood, for appellees.

RANDOLPH, J. This suit was instituted in the district court of Knox county, Tex., by appellants, as plaintiffs, against appellees, as defendants. The defendants Ellis filed a plea of privilege to be sued in the county of Brown, the county of their residence. The trial court sustained defendants' plea, and transferred the case to the district court of Brown county, and from this order plaintiffs have appealed to this court.

[1] Article 1903, Vernon's Texas Civil Statutes, 1918 Supp., provides that, if the defendant files a plea of privilege and the plaintiff desires to controvert it, he shall file a controverting plea under oath, setting up specifically the facts or fact relied on to confer venue of such cause on the court where the cause is pending. In the absence of such controverting affidavit, the trial court has but one duty to perform, and that is to transfer the case to Brown county. Bennett v. Rose Mfg. Co. (Tex. Civ. App.) 226 S. W. 143; Cotton States Petroleum Co. v. Britton (Tex. Civ. App.) 230 S. W. 742; Clarke v. Taylor (Tex. Civ. App.) 223 S. W. 878; Reece v. Langley (Tex. Civ. App.) 230 S. W. 509; Sinton State Bank v. Tyler Commercial College (Tex. Civ. App.) 231 S. W. 170; Payne v. Coleman (Tex. Civ. App.) 232 S. W. 537; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981; Griffin v. Bryan (Tex. Civ. App.) 211 S. W. 296.

[2] It is true that the trial court's order transferring the case recites that the hearing was had upon the plea of privilege and controverting affidavit. But this recital sheds no light upon the sufficiency of the controverting affidavit to enable us to decide whether or not the trial court erred in sustaining the plea of privilege.

The judgment of the trial court is therefore affirmed.