## ESTACADO OIL CO. v. PARKER.

### No. 12400.

Court of Civil Appeals of Texas. Fort Worth.
Dec. 13, 1930.

John W. Hill, of Uvalde, for appellant.

Marshall & King, of Graham, for appellee.

BUCK, J.

This is an appeal from a judgment of the county court of Young county, in which R. C. Parker recovered a judgment against the Estacado Oil Company. The trial court rendered judgment for the plaintiff for $566.43, together with costs. It further foreclosed a general contractor's lien against certain property and materials furnished by the plaintiff, consisting of one spudder, one McCormick's engine, and other material and tools.

Appellant has not filed in this court a statement of facts, nor a brief. However, the appellee has filed a rather extended brief, discussing the various questions raised by the assignments of error. The only serious question presented is that the county court did not have jurisdiction to foreclose a lien on a lease for gas and oil held by the defendant. We notice in the original petition that this lease is recited, but in the amended petition the plaintiff asked for only a foreclosure on the personal property. Hence we conclude that the suit did not involve a foreclosure on real estate. Since the case of Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989, it has been held that a leasehold interest for gas and oil affects real estate, and, therefore, that the county court has no jurisdiction of such action. But, taking the case in its entirety, we conclude that the plaintiff did not mean to ask for, and in fact did not ask for in his second amended petition, a foreclosure on real estate.

There were two notes given by the defendant company, dated August 1, 1929, each for $500, principal, and due, the first, 60 days after date, and, the second, 90 days after date. The plaintiff filed his affidavit fixing a lien on said personal property on December 16, 1929. The first note was not due until 2 months after it was executed, and the second note was not due until 3 months after it was executed.

Article 5453, Rev. Civ. Statutes provides:

"Every original contractor, within four months, and every journeyman, day laborer, or other person, within thirty days after the indebtedness accrues, shall file his contract in the office of the county clerk of the county where the property is situated to be recorded in a book kept by the county clerk for that purpose."

Article 5453 does not create the lien, but merely fixes the lien, and, when once fixed, it relates back to the inception of the contract. Hence we conclude that the affidavit was filed in due time.

After the court had overruled defendant's exception to plaintiff's petition, but at the same time and in the same order, upon request of plaintiff, plaintiff was given authority to amend his original petition. In the afternoon of appearance day, and after the call of the appearance docket, defendant demanded a jury. Defendant's counsel was informed in person that the first week was not a jury week, and that, if he desired an intervention of a jury, the jury fee would have to be paid as provided by law. The defendant failed to pay said fee. We find no error in the ruling of the court in this respect.

In fact, after considering appellee's brief, we conclude that the case should be affirmed. See Reece v. Langley, 230 S. W. 509, by Chief Justice Conner of this court. Rule 42 provided for the guidance of County and district courts.

The judgment is affirmed.