to the land that remained in the vendor, was not a beneficiary or possessory interest in the land. Such superior title or right reserved in the conveyance was simply a security for payment of the unpaid purchase money due the vendor, or the performance of any unperformed obligation. Carey et al. v. Starr et ux., 93 Tex. 508, 56 S.W. 324; Rooney v. Porch (Tex.Com. App.) 239 S.W. 910; Roth et al. v. Connor (Tex.Civ.App.) 25 S.W.(2d) 246. So, we think, the reconveyance by R. C. Neaves to the executor, in cancellation of the $700 second vendor's lien note, had no other effect than to extinguish that note and lien, and the executor then held the property in trust for the benefit of L. A. Knowles, the superior lienholder. The creditors of the estate had no interest in the title to the land superior to the mortgagee's vendor's lien; the land was not owned by the testator at the time of his death and, when the executor received the deed from R. C. Neaves, it was merely an after-acquired title coming into the estate burdened with the encumbrances that were on the land at the time the property was conveyed. Therefore, we are of the opinion that the executor has not shown himself entitled to the injunctive relief, preventing the sale of the 179 acres of land involved in the suit; the judgment of the court below should be reversed and the temporary injunction dissolved; it is so ordered.

Reversed, and temporary injunction dissolved.

Fred L. Kowalski, of Brownsville, for appellants.

F. W. Moran, of La Feria, for appellee.

SMITH, Chief Justice.

Appellants have filed no brief in this case, but appellee has filed a brief in his own behalf. We have examined the record, on the face of which no fundamental error appears. In this situation it becomes our duty to affirm the judgment, and it is so ordered. Article 1848, as amended by Acts 1935, 44 Leg. p. 225, ch. 90, § 1 (Vernon's Ann.Civ.St. art. 1848); Rule 39, Courts of Civil Appeals; Lucky Hill Oil Co. v. Everts (Tex.Civ.App.) 271 S.W. 1119; Thweatt v. Wichita County Lumber Co. (Tex.Civ. App.) 238 S.W. 310; Martin v. Security Nat. Bank (Tex.Civ.App.) 252 S.W. 328.

Affirmed.

---

## JENKINS et al. v. FIRST NAT. BANK OF COLEMAN et al.

### No. 8378.

Court of Civil Appeals of Texas. Austin.

Feb. 10, 1937.

Rehearing Denied Feb. 24, 1937.

---

## LONGORIA et ux. v. LIDDELL.

### No. 9960.

Court of Civil Appeals of Texas. San Antonio.

Feb. 11, 1937.